■ SANFORD SOFFER et al., Doing Business as DORSMAN AND SOFFER, Respondents-Appellants, v MARTHA J. ELMENDORF, Also Known as MARTHA PANTALEO, Appellant-Respondent. — Weiss, J. Cross appeals from an order of the County Court of Albany County (Clyne, J.), entered January 4, 1984, which modified a judgment of the Albany City Court granting summary judgment in favor of plaintiffs by reversing so much thereof as dismissed defendant's counterclaims.

Plaintiffs, attorneys-at-law, commenced the instant action in City Court to recover the balance due for legal services provided defendant in a matrimonial action. Defendant's answer contained a general denial and asserted two counterclaims premised on legal malpractice and breach of contract. Plaintiffs moved for summary judgment. The motion was accompanied by the affidavit of plaintiff Sanford Soffer, the partner who represented defendant in her matrimonial action, which outlined in detail the services rendered. In opposition, defendant submitted only her attorney's affidavit. In the meantime, the attorney retained by plaintiffs to defend the malpractice counterclaims cross-moved for summary judgment dismissing the counterclaims. This cross motion was served on four days' notice and was returned by defendant as untimely. City Court granted summary judgment to plaintiffs in the amount of $965 plus interest, costs and disbursements, and pursuant to CPLR 3036 (5) (g), also awarded summary judgment on the cross motion to dismiss the two counterclaims. On appeal to County Court, that court determined that plaintiffs were entitled to summary judgment for the fee due, but concluded that the cross motion was untimely and reversed so much of City Court's order as dismissed defendant's counterclaims. These cross appeals ensued.

On appeal, defendant contends that triable issues of fact exist concerning plaintiffs' entitlement to a fee. We disagree. A review of the moving papers confirms that plaintiffs submitted

unrebutted documentary proof establishing the basis of their claim (*see, Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429). In addition to plaintiff Soffer's detailed affidavit of services, plaintiffs submitted a letter from defendant essentially acknowledging receipt of a bill for services rendered in the amount of $1,065, and forwarding a $100 initial payment. The affidavit in opposition, made by defendant's attorney without personal knowledge of the underlying events, was clearly without evidentiary value and therefore unavailing (*see, Zuckerman v City of New York,* 49 NY2d 557, 563). Thus, County Court properly affirmed the summary judgment award for services rendered.

With respect to the second aspect of this appeal concerning plaintiffs' cross motion for summary judgment dismissing defendant's counterclaims, we note that City Court has since granted a timely motion made by plaintiffs to dismiss these counterclaims, thereby rendering consideration of that issue on this appeal moot.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.