■ KORIBA, INC., Respondent, v ANTHONY PORCO et al., Appellants. (And a Third-Party Title.)—In a negligence action to recover damages for injury to property caused by fire, defendants appeal from an order of the Supreme Court, Orange County (Green, J.), dated October 24, 1984, which denied their motion to dismiss the complaint for failure to prosecute without prejudice to renewal.

Order reversed, as a matter of discretion, with costs, motion granted and complaint dismissed.

While courts have great flexibility in determining whether a delay in prosecuting an action is excusable, and while public policy favors the resolution of cases on the merits *(see, Stark v Marine Power & Light Co.,* 99 AD2d 753), it is equally true that "defendants are entitled to be free * * * of the burden of defending actions which possess little or no merit, or even of

defending actions of merit but too long delayed" *(Sortino v Fisher,* 20 AD2d 25, 28).

The instant action to recover damages for injury to corporate property caused by fire was commenced over nine years ago. The sole cause for the lack of progress in this matter was the inability of the principals of the plaintiff corporation to agree upon substituted counsel to represent the corporation in place of its original attorneys, who had been granted leave to withdraw.

It was not until two years and eight months after the original attorneys were relieved that the principals of the corporation finally appointed a substituted attorney. In the interim, numerous court orders, which directed the principals to agree upon the selection of an attorney, were ignored. Sixteen months elapsed before plaintiff's new counsel became aware that a note of issue had been filed by an attorney who was not authorized to act on behalf of the corporation.

Although the record does reflect that counsel may have been genuinely confused about the status of the action in view of its tortured procedural evolution, this situation was precipitated solely by the actions of plaintiff's principals.

Under these circumstances, the delay was prejudicial and it was an improvident exercise of discretion to require defendants to defend the action after so much time had elapsed.

We further note that the affidavit of merits submitted on behalf of the plaintiff merely restates the allegations of the complaint and is wholly devoid of evidentiary facts to establish the viability of the claim *(see, Central School Dist. No. 1 v Perfetto & Whalen Constr. Corp.,* 79 AD2d 755, *affd* 53 NY2d 1034). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.