■ TUVIA SEIDMAN et al., Respondents, v ABRAHAM SHAMES et al., Appellants, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants Hopkins, Zukor, Gulf & Western Industries, Inc., Providence Capitol Realty Group, Inc., and Roosevelt Raceway, Inc., appeal from so much an order of the Supreme Court, Nassau County (Winick, J.), entered September 10, 1986, as denied that branch of their motion pursuant to CPLR 3216 which was to dismiss the complaint as against them for failure to prosecute, and the defendants Shames, Health 'N Sports, Inc., and Maccarone appeal from so much of the same order as denied their cross motion to dismiss the complaint as against them.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which denied that branch of the motion of the defendants Hopkins, Zukor, Gulf & Western Industries, Inc., Providence Capitol Realty Group, Inc., and Roosevelt Raceway, Inc., which was to dismiss the complaint

as against them and substituting therefor a provision granting that branch of the motion and severing the action insofar as it is asserted against the remaining defendants; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants payable by the plaintiffs.

At the time the prevailing appellants served their second 90-day demand, the instant action was over five years old. The plaintiffs had not conducted any discovery, nor had they taken any significant affirmative steps in the prosecution of the action after its commencement. Furthermore, the plaintiffs still did nothing until those appellants moved to dismiss the action some six months after service of the 90-day demand, and in spite of previous motions to dismiss for failure to prosecute.

The excuse proffered by the plaintiffs for the delay, that of financial inability to retain substitute counsel, is woefully inadequate (see, Granich v Stolovitz, 270 App Div 899; Keglovits v City of New York, 23 AD2d 743). Moreover, the plaintiffs have failed to demonstrate a good and meritorious cause of action (see, Koriba, Inc. v Porco, 116 AD2d 630; Sortino v Fisher, 20 AD2d 25). In view of the foregoing, the Supreme Court abused its discretion in failing to dismiss the plaintiffs' complaint insofar as it is asserted against the prevailing appellants Hopkins, Zukor, Gulf & Western Industries, Inc., Providence Capitol Realty Group, Inc., and Roosevelt Raceway, Inc. The order should be affirmed, however, insofar as it is appealed from by the remaining appellants. CPLR 3216 (b) (3) requires, as a condition precedent to dismissal for failure to prosecute, that the party seeking such relief serve a 90-day notice demanding that the note of issue be filed (see, Thompson v Thompson, 103 AD2d 772, 773; Fichera v City of New York, 79 AD2d 597, 598). Since it appears from the record that the remaining appellants did not serve a 90-day notice, they are not at the present time entitled to the relief requested. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.