■ MILES HARPER, Respondent, v MURPHY OVERHEAD DOORS, INC., Appellant.—Main, J. Appeal from an order of the Supreme Court (Doran, J.), entered May 15, 1986 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured in March 1982 while attempting to repair a garage door at a home in the City of Albany. He commenced this action against defendant, contending that defendant manufactured or installed the garage door in question and asserting causes of action for breach of the contract between defendant and the homeowner, negligence, breach of implied warranty and strict liability.[1] On this motion for summary judgment, defendant contends that none of the evidence presented establishes that, in fact, defendant manufactured or installed the garage door. Defendant relies on the examinations before trial of plaintiff, defendant's president

1. A previous action by plaintiff against the homeowner was dismissed on the ground that the homeowner had no duty with respect to plaintiff.

and the homeowner,[2] as well as the affidavit of defendant's president. Plaintiff submitted his own affidavit and that of his attorney. The motion was denied, and defendant appeals.

It is clear that, in opposition to defendant's motion, plaintiff has failed to present any evidence in admissible form showing any connection of defendant to the garage door in question. The affidavit of plaintiff's attorney is not based on personal knowledge and, therefore, is insufficient to defeat a motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 563; Soffer v Elmendorf, 108 AD2d 954, 955). Nevertheless, we are of the opinion that Supreme Court properly denied defendant's motion. When making a motion for summary judgment, the movant bears the initial burden to make a prima facie showing, by the submission of competent evidence, of his entitlement to judgment as a matter of law (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Amedure v Standard Furniture Co., 125 AD2d 170). At best, the evidence presented here by defendant demonstrates that defendant is not certain of whether it had anything to do with this particular garage door. This showing is patently insufficient to demonstrate defendant's entitlement to judgment as a matter of law.

Defendant also contends that plaintiff's injury was not foreseeable as a matter of law. Inasmuch as foreseeability is ordinarily an issue for jury resolution (cf., Fisher v Kavoussi, 90 AD2d 597, 598), and in light of the insufficiency of the record with regard to this issue, defendant is not entitled to summary judgment on this ground.

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.

---

2. The homeowner was examined in connection with plaintiff's previous lawsuit.