■ CAPITAL MUTUAL INSURANCE COMPANY, Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents.— Weiss, J. Appeal from two judgments of the Supreme Court (Duskas, J.), in favor of defendants, entered February 24, 1987 and May 26, 1987 in St. Lawrence County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff is the subrogee of Anna P. Cousins, the former owner of the Massena Diner in the Town of Massena, St. Lawrence County, which was damaged by fire on July 23, 1982, having paid Cousins upon its policy of fire insurance covering the premises. Plaintiff commenced this action against defendants, Niagara Mohawk Power Corporation and the Town of Massena, seeking money damages for the fire loss. Prior to May 1981, the electrical distribution equipment in the town was owned and installed by Niagara Mohawk. Thereafter, the town acquired ownership, albeit without making any changes in the electrical service to the diner. At the close of plaintiff's proof in a bifurcated jury trial, Supreme Court granted defendants' motion to dismiss the complaint, finding that the fire originated from a short circuit in a disconnect box under the customer's control and not from a breach of duty on defendants' part. Plaintiff has appealed.

We affirm. It is well established that utility companies have an affirmative duty to exercise reasonable care in the operation and maintenance of power lines (Miner v Long Is. Light. Co., 40 NY2d 372, 378). Here, the record shows that the fire

resulted from a short circuit within a distribution box owned and controlled by plaintiff's insured and not from any actual defect in the power line. The dispositive question on this appeal distills to whether defendants breached their duty of reasonable care by failing to place a fuse on the customer's incoming service line, which plaintiff's witnesses testified would have alleviated the potential for a fire of this nature. Plaintiff maintains that a triable factual issue has been raised as to the reasonableness of defendants' conduct in failing to install a line fuse.

We agree with plaintiff's assertion that custom and industry practice are relevant to the issue of due care, but not dispositive (supra, at 381; see, Richardson, Evidence § 187, at 158-159 [Prince 10th ed]). The fact that utilities within the State do not follow a practice of fusing service lines does not, ipso facto, vitiate plaintiff's claim. Nonetheless, the record confirms the absence of any statute, code, rule or regulation which mandated or even recommended the installation of line fuses as promoted by plaintiff. Nor did plaintiff successfully establish that such installation was conducted in other localities or would otherwise be required to fulfill a utility's duty of reasonable care. On the evidence presented, we find that Supreme Court correctly determined as a matter of law that defendants were not required to install a safety fuse on the customer's service line in order to fulfill their duty of reasonable care. It follows that defendants' trial motion to dismiss was properly granted.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.