■ Peter H. Czolowski, Respondent, v Salaam & Jabbur, Doing Business as Saratoga Winners, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 10, 1987 in Schenectady County, which denied defendant's motion for partial summary judgment dismissing the second cause of action in the complaint.

It is alleged that plaintiff, a member of a rock band under contract to play at defendant's bar and restaurant, was injured when he fell from a ladder while installing lighting to be used in conjunction with the band's performance.* Plaintiff commenced an action to recover for personal injuries, pleading causes of action in common-law negligence and absolute liability under Labor Law § 240. After issue was joined and plaintiff deposed, defendant moved for summary judgment dismissing the Labor Law § 240 cause of action upon the ground that at the time of the incident plaintiff was not engaged in any activity enumerated in Labor Law § 240, i.e., "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]). The motion was supported by an attorney's affidavit and three selected pages of the transcript of the examination

---

* Reference must be made to the unverified pleadings and attorneys' affidavits since the record is devoid of affidavits of individuals with personal knowledge of the underlying events.

before trial of plaintiff, and opposed by an attorney's affidavit. Supreme Court denied the motion, finding that the evidence submitted on the motion was insufficient to resolve the factual issue of whether plaintiff was engaged in an activity covered by Labor Law § 240. Defendant appeals.

We affirm. As stated by the Court of Appeals in *Winegrad v New York Univ. Med. Center* (64 NY2d 851, 853): "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * *. Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (citations omitted). *(See, Harper v Murphy Overhead Doors,* 131 AD2d 966, 967; *Matter of Redemption Church of Christ v Williams,* 84 AD2d 648, 649.) We conclude that the three disjointed pages of testimony submitted in support of the motion, giving no indication as to the nature or extent of the work being performed by plaintiff at the time of his fall, are insufficient to resolve the issue of whether the work is to be afforded the protection of Labor Law § 240. Moreover, the affidavit in support of the motion, made by defendant's attorney without personal knowledge of the underlying events, was clearly without evidentiary value and therefore unavailing *(see, Zuckerman v City of New York,* 49 NY2d 557, 563).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.