■ GLADYS HOLTZ, as Administratrix of the Estate of HAROLD P. HOLTZ, Deceased, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant, and BALMOR TAYLOR et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court (White, J.), entered April 11, 1988 in Montgomery County, which denied defendant Niagara Mohawk Power Corporation's motion for summary judgment dismissing the complaint and all cross claims against it.

In May 1986, decedent and another individual were killed while attempting to replace a second-story window at the home of defendants Balmor and Constance Taylor in the Town of Sharon, Schoharie County. The two had been hired to do the work by defendant Alan Suits. The accident apparently occurred while decedent and the other individual were raising an aluminum ladder in an attempt to gain access to the window. Both died of electrocution when the ladder came into

contact with a live, uninsulated 7,620-volt power line supplied by defendant Niagara Mohawk Power Corporation (hereinafter NiMo). Plaintiff, decedent's mother and administratrix of his estate, then commenced this action against Suits, the Taylors and NiMo, asserting negligence, wrongful death and Labor Law violations. After answering, NiMo moved for, *inter alia*, summary judgment dismissing the complaint against it. Supreme Court denied the motion and NiMo has appealed.

We affirm. NiMo claims that the affidavit by plaintiff's attorney was without evidentiary value and therefore was inadequate to establish the existence of any issues of fact. It is true that an attorney's affidavit that is not based on personal knowledge is insufficient to defeat a motion for summary judgment *(Harper v Murphy Overhead Doors,* 131 AD2d 966, 967). However, it is the movant who bears the initial burden of making a prima facie showing of its entitlement to judgment as a matter of law; absent such a showing the motion is to be denied regardless of the insufficiency of the opposing papers *(Augeri v Massoff,* 134 AD2d 307, 308). Furthermore, summary judgment will be denied "if any party shall. show facts sufficient to require a trial" (CPLR 3212 [b]). Here, NiMo failed to demonstrate its entitlement to judgment as a matter of law, even if it is accepted that plaintiff failed to present the necessary evidence to show the existence of triable issues of fact. Additionally, NiMo's motion was opposed by the Taylors and the evidence they presented sufficiently showed that factual issues existed.

Power companies have an affirmative duty to exercise reasonable care in the operation and maintenance of their power lines and there is a correspondingly higher duty of care owed as higher voltages are transported *(Miner v Long Is. Light. Co.,* 40 NY2d 372, 378-379). NiMo claims that it fulfilled its duty of care owed decedent. To support its claim, NiMo submitted an affidavit of John Boggie, a transmission and distribution supervisor for NiMo. According to his affidavit, the power line was 10 feet from the Taylors' home and was in compliance with national standards requiring only a five-foot horizontal clearance and NiMo's own standards which required a 10-foot clearance. However, the affidavit also stated that at a point several feet to the south of the point of contact of the ladder with the power line, there was only a horizontal clearance of 8.2 feet. NiMo based its conclusions as to the point of contact on an affidavit of one of its claims investigators, wherein it was calculated that the ladder hit the power line at a point where the wire was 10 feet from the Taylors'

home. In our view, NiMo's own proof at the very least raised a question of fact as to its compliance with its own standards. Additionally, the Taylors submitted their own expert affidavit which challenged NiMo's measurements as to the actual distance of the power lines from the Taylors' home (the affidavit stated it was less than 10 feet), as well as NiMo's calculations as to the point of contact. This affidavit sufficiently raised issues of fact as to NiMo's exercise of its duty of care. It should also be noted that even if NiMo complied with its own standards, as well as national safety standards, such compliance constitutes only some evidence of due care and is not dispositive of that issue (see, Capital Mut. Ins. Co. v Niagara Mohawk Power Corp., 137 AD2d 877, 878, lv denied 71 NY2d 806).

Furthermore, a significant circumstance in determining duty is "the proximity and accessibility of power lines to the public where the opportunity and likelihood of contact therewith is more acute" (Miner v Long Is. Light. Co., 40 NY2d 372, 379, supra). Here, the wire was of a high voltage, uninsulated and it could be found foreseeable that someone making repairs to the home would use a ladder in the vicinity of the wire. NiMo, however, argues that the placement of the power line was not the proximate, or legal, cause of decedent's death. It claims that decedent's actions in selecting an aluminum ladder instead of a wooden one, as well as an attempt to raise the ladder on a windy day, were unforeseeable intervening events. An intervening act relieves a defendant of liability if the act is so extraordinary that responsibility cannot reasonably be attributed to that defendant (Kush v City of Buffalo, 59 NY2d 26, 33). Foreseeability is relevant to proximate cause in that "if, with the benefit of hindsight, it appears highly extraordinary that defendant's act should have brought about the harm, the act will not be considered a proximate cause" (Mack v Altmans Stage Light. Co., 98 AD2d 468, 471). To establish a prima facie case, plaintiff was required to show that NiMo's alleged negligence was a substantial cause of the events which resulted in decedent's death (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). This burden was satisfied here in that no one is disputing that decedent died as a result of the ladder coming into contact with the wire. Furthermore, "questions concerning what is foreseeable * * * may be the subject of varying inferences * * * [and] generally are for the fact finder to resolve" (supra, at 315). On the basis of the record before us, it cannot be concluded as a matter of law that decedent's actions were not foreseeable in the normal

course of events so as to warrant summary judgment in NiMo's favor.

As a final matter, we deal with NiMo's claim that Labor Law §§ 200 and 240 do not apply to it and it is therefore entitled to summary judgment on plaintiff's alternate theory of liability. In rejecting this claim, we note that the portion of plaintiff's complaint asserting such Labor Law violations is addressed only against Suits and the Taylors.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.