■ ALFRED S. FRIEDMAN et al., Appellants, v MAX PESACH, Also Known as MENACHEN PESACH, et al., Respondents. MAX PESACH et al., Counterclaim Plaintiffs, v ALFRED S. FRIEDMAN et al., Counterclaim Defendants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about February 8, 1989, which, *inter alia,* denied plaintiffs' motion for partial summary judgment seeking dismissal of defendants' counterclaims and for a declaration that defendant Pesach is not entitled to be admitted as a general partner in plaintiff Bardonia Associates, unanimously modified, on the law, to the extent of granting plaintiff's motion for partial summary judgment, without costs.

It is axiomatic that where there are no genuine issues of material fact, summary judgment must be granted. (*See,* CPLR 3212.) Once the proponent of a summary judgment motion makes a prima facie showing of entitlement to judgment as a matter of law by setting forth sufficient evidence to

demonstrate the absence of any material issues of fact, the burden shifts to the opposing party to demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so. *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 560 [1980].)

On the record herein, plaintiffs' submissions in support of the motion for summary judgment satisfied the prima facie showing required to warrant judgment as a matter of law if not rebutted by defendant. Plaintiff Friedman is the sole general partner of plaintiff Bardonia Associates, a limited partnership. Bardonia owns Monterey Gardens, a section 8 housing project for the elderly and handicapped, which was constructed, financed and operated with Federal and State assistance. Pursuant to various agreements, defendant Homestead Lane Builders Corp. constructed the subject project, which defendant Homax Management, Inc. managed; defendant Pesach is president of Homax and a principal of Homestead, respectively.

One of these agreements, which is the subject of the within action, entitled "BARDONIA ASSOCIATES AMENDED AND RESTATED LIMITED PARTNERSHIP AGREEMENT", provided in section 3.1 (b) thereof that at the time of "Final Endorsement", i.e., when the construction loan was paid and replaced by permanent financing, defendant Pesach would be admitted as a general partner of plaintiff Bardonia, "if there shall then be no defaults by Max Pesach or Homestead under the Pesach Agreements". The agreement further provided that "the General Partner(s) [Friedman] shall determine all questions as to whether or not there are any defaults under the Pesach Agreements, and such determination of the General Partner(s) if made in good faith shall be binding and conclusive upon all parties".

The heart of the complaint herein is that defendant mismanaged the project, converted moneys, failed to maintain proper records, to file required reports or to make timely mortgage payments; these resulted in, *inter alia,* the filing of a notice of default with HUD, which jeopardized plaintiffs' future dealings with HUD. Plaintiffs terminated defendants' management agreement, took possession of the records maintained by defendants and refused to admit defendant Pesach into the Bardonia partnership in light of the numerous alleged defaults. Shortly thereafter, they commenced the underlying action. Defendants denied the essential allegations of the complaint and interposed numerous affirmative defenses and

counterclaims; one of these counterclaims sought injunctive relief ordering the admission of defendant Pesach into the Bardonia partnership.

Plaintiffs moved for partial summary judgment dismissing defendants' counterclaims and a judgment declaring that the defendants "have forfeited and relinquished any and all rights which they may have had pursuant to the [Agreements], including, without limitation, any right of Pesach to be admitted as a general partner of Bardonia or to receive any distribution of funds from Bardonia". Defendants cross-moved for partial summary judgment on their counterclaims, for a judgment declaring that plaintiffs were in violation of the agreements, for defendant Pesach to be admitted as a general partner in Bardonia and for compensation.

The IAS court denied both motions, stating that "[w]hether or not plaintiffs acted in good faith is a question of fact which must be determined at trial." Plaintiffs correctly contend that the IAS court erred when it denied their motion for summary judgment.* Not only does the record reflect numerous instances of default by defendants, but defendants concede misusing and diverting HUD funds, arguing instead that this conduct was justified. We are unpersuaded by these assertions, which appear to support plaintiffs' contention that there are no material questions of fact (*Alvarez v Prospect Hosp.*, 68 NY2d, *supra*, at 327), and hold that in view of the undisputed evidence concerning defendants' mismanagement of the project, plaintiffs are entitled to partial summary judgment.

Accordingly, the order appealed from is modified, to the extent of granting plaintiffs' motion for partial summary judgment dismissing the counterclaims and declaring that defendant Pesach is not entitled to be made a partner in plaintiff Bardonia Associates. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.

---

* Defendants have not appealed from the IAS court order insofar as it denied their cross motion for summary judgment.