■ JAMES L. GARRETT, Respondent, v UNANIMITY CONSTRUCTION, INC., et al., Defendants, and 300 EAST 4 Co. et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about November 14, 1988, which, inter alia, granted plaintiff's motion for summary judgment and ordered that the mechanic's lien filed by plaintiff on or about March 2, 1988 against the premises located at 300 East 4th Street, New York, New York, be foreclosed, and judgment of the same court, entered on July 7, 1989, following an inquest to determine damages owed by defendants to plaintiff, which, inter alia, awarded plaintiff $100,467.25, are

unanimously reversed, on the law, and the motion denied, without costs, and the judgment vacated.

It is the rule that on a motion for summary judgment, the moving party must sufficiently establish his cause of action, by evidentiary proof in admissible form, to warrant a directed judgment as a matter of law; unless the opposing party then demonstrates that there exist material issues of fact as would warrant a trial, summary judgment will be granted. *(Zuckerman v City of New York,* 49 NY2d 557, 560 [1980]; *Indig v Finkelstein,* 23 NY2d 728, 729-730 [1968]; *see also, Friedman v Pesach,* 160 AD2d 460.) Our review of the record herein reveals that there are triable issues of fact in this action for breach of contract, recovery for reasonable value of services and materials and foreclosure of a mechanic's lien against the property located at 300 East 4th Street, New York, New York. Among other questions to be resolved is whether or not there are any funds due and owing to defendant Unanimity Construction, Inc. to which plaintiff James Lee Garrett's lien could attach. Furthermore, plaintiff has apparently failed to satisfy the four statutory prerequisites, set forth by section 8 of the Lien Law, to the foreclosure of a subcontractor's mechanic's lien, such as plaintiff here seeks.

Because defendants set forth facts which raise triable issues of fact, it was an error for the IAS court to grant plaintiff summary judgment as to liability. Accordingly, we reverse that order, as well as the subsequent judgment awarding damages, deny the motion for summary judgment and remand the matter for further proceedings consistent with this decision. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.