■ James L. Garrett, Doing Business as J.L.G. Construction Co., Respondent, v Unanimity Construction, Inc., et al., Defendants, and 300 East 4 Co. et al., Appellants.—Motion by plaintiff-respondent for clarification of this court's order and decision entered April 19, 1990 (160 AD2d 546) is granted, the decretal paragraph of this court's memorandum decision is vacated, and the following is substituted in its place: "Order, Supreme Court, New York County (Irma Vidal Santaella, J.), dated November 14, 1988, which, *inter alia,* granted plaintiff's motion for summary judgment and ordered that the mechanic's lien filed by plaintiff on or about March 2, 1988, against the premises located at 300 East 4th Street, New York, New York, be foreclosed; and judgment of the same court, entered July 7, 1989, following an inquest to determine damages owed by defendants to plaintiff, which, *inter alia,* awarded plaintiff $100,467.25, unanimously modified, on the law, the plaintiff's motion for summary judgment against the defendants 300

East 4 Co. and Yoram Finkelstein is denied, without costs, the judgment is vacated as to those defendants, and the order and judgment are otherwise affirmed."

On the appeal, this court inadvertently reversed portions of the order and judgment granting plaintiff summary judgment as against the defaulting defendant, Unanimity Construction, Inc., and the decretal paragraph of our memorandum decision is accordingly vacated and corrected to reflect that the order and judgment are modified only with respect to the appealing defendants, and otherwise affirmed. With respect to the motion for clarification as to the appealing defendants, this court stated that "there are triable issues of fact in this action for breach of contract, recovery for reasonable value of services and materials and foreclosure of a mechanic's lien against the property" and that "[a]mong other questions to be resolved" is whether plaintiff complied with the prerequisites set forth in section 8 of the Lien Law (160 AD2d, *supra,* at 547). Accordingly, that issue is not the only one to be resolved at trial, and plaintiff may present evidence to establish the elements of all the causes of action presented in the complaint against the appealing defendants, including any based upon plaintiff's allegation of a direct contractual relationship with those defendants. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.