■ REGOR CONSTRUCTION Co., INC., Respondent, v LONG ISLAND LIGHTING COMPANY, Appellant, and NEW HAMPSHIRE INSURANCE COMPANY, Respondent.—In an action to recover damages for breach of contract, the defendant Long Island Lighting Company appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated September 21, 1989, as denied its motion for partial summary judgment dismissing the plaintiff's cause of action to recover $2,943,251.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On June 28, 1977, the plaintiff Regor Construction Co., Inc. (hereinafter Regor) entered into a contract with the defendant, Long Island Lighting Company (hereinafter LILCO) and the codefendant, New Hampshire Insurance Company (hereinafter New Hampshire). Pursuant to this agreement, Regor was to serve as a "completing contractor" with respect to four construction projects which were then underway at certain

facilities owned by LILCO, after the previous contractor, Champion Construction and Engineering Co., Inc. (hereinafter Champion) had defaulted. The performance bond which had originally been issued by the codefendant New Hampshire to Champion was to continue in effect with Regor as principal.

The parties' contract required LILCO to pay up to the "remaining basic contract price" for all of the "basic contract work" completed by Regor. In the event that LILCO were to pay all of the "remaining basic contract price" without the required "basic contract work" having been completed, then it became New Hampshire's obligation to pay Regor for the additional "basic contract work" needed to bring the project to completion.

In the present action, Regor, in an amended complaint, seeks judgment against LILCO in the principal sum of $5,172,340.09, claiming that it performed "extra" work, that is, work beyond the scope of "basic contract work", for which LILCO was allegedly obligated to pay "on a time and material basis plus a profit of 10%". Regor asserted no claim for relief against the codefendant New Hampshire. In fact, at a deposition held in 1986, Regor's president testified that his company's entire claim was based on an assignment received from New Hampshire.

LILCO made a motion for partial summary judgment, asserting that evidence obtained during pretrial disclosure and on the responses made to certain notices to admit conclusively established that New Hampshire paid a total sum of $2,943,251 to Regor, and that New Hampshire reduced the penal amounts of its performance bonds by a corresponding amount. The Supreme Court denied LILCO's motion, and this appeal followed.

LILCO now argues, as it did in the Supreme Court, that "[s]ince paragraph 6 of the [parties'] agreement provides that the penal amount of New Hampshire's respective performance bonds would be reduced by the amount of New Hampshire's payments to Regor for completion of 'basic contract work', a [$2,943,251] reduction in said unexpended penal amounts represents an acknowledgement by New Hampshire that it made payments for completion of 'basic contract work' totalling [$2,943,251]". We believe that this statement, which is the crux of LILCO's argument, reflects reasoning which is faulty.

It may be true that the parties' agreement required New Hampshire to pay only for the "basic contract work" completed by Regor (to the extent such work warranted payment

beyond the "basic contract price"). It may be equally true that the parties' agreement imposed no obligation upon New Hampshire to pay for the "extra" work. That New Hampshire had the contractual obligation to pay only for the former category of work does not negate the possibility that New Hampshire might have voluntarily undertaken to pay for the latter category of work as well, even in the absence of any contractual obligation. In other words, it does not follow from the fact that New Hampshire paid for certain work done by Regor that such work must be characterized as "basic contract" rather than as "extra". The central issue to be decided in this case is, in fact, to which of these two categories of work the payments made by New Hampshire ought to be attributed.

LILCO also argues that neither Regor nor New Hampshire adduced proof in admissible form sufficient to show that the $2,943,251 referred to above was, in fact, paid on account of "extra" work, so as to render LILCO liable. However, it was the party requesting summary judgment, LILCO, which had the burden to show, in the first instance, that this $2,943,251 was in fact paid on account of "basic" rather than "extra" work. Only then would the opponents of summary judgment have had any obligation to present evidence to the contrary, and to show that this amount was in fact paid on account of work which was "extra" rather than "basic" (see generally, Zuckerman v City of New York, 49 NY2d 557; Holtz v Niagara Mohawk Power Corp., 147 AD2d 857; Burton v Ertel, 107 AD2d 909; Yates v Dow Chem. Co., 68 AD2d 907). Since, for the reasons noted above, LILCO failed to prove that the $2,943,251 paid by New Hampshire was in fact paid on account of "basic" work, its motion for partial summary judgment was properly denied. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.