■ HATZLACHH SUPPLY COMPANY, INC., Respondent, v BANK OF AMERICA NEW YORK, Also Known as BANKAMERICA INTERNATIONAL, Appellant.—Judgment, Supreme Court, New York County (Stuart C. Cohen, J.), entered on August 6, 1991, which granted plaintiff's motion for summary judgment and denied defendant's cross-motion to dismiss for failure to prosecute, affirmed, without costs.

The IAS Court properly held that there were no material issues of fact to warrant a trial in this case. Plaintiff submitted its president's affidavit and defendant's collection order which established that defendant improperly authorized the release of documents of title and goods in violation of plaintiff's instructions. In contrast, defendant's opposition—alleging that the underlying sale was consummated in furtherance of a fraudulent scheme—was solely that of an affirmation of an attorney without personal knowledge of the facts, insufficient to defeat this motion *(Soffer v Elmendorf,* 108 AD2d 954).

Further, since defendant failed to serve plaintiff with a 90-day demand for a note of issue, the IAS Court properly denied the motion to dismiss for failure to prosecute (CPLR 3216 [b] [3]). Since this condition precedent was not met, the action was not subject to dismissal for general delay *(Auerbach v Kaufman,* 173 AD2d 229, 230). In addition, there is no evidence in the record that the action had been abandoned within the meaning of CPLR 3404.

We have considered defendant's other claims and find them to be without merit. Concur—Milonas, J. P., Ellerin and Kupferman, JJ.

Rosenberger and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: Plaintiff, an exporter of electronic and

photographic goods, commenced this action in October 1982 seeking to recover damages alleged to have been sustained by reason of defendant's breach, in December 1980, of a collection order issued in connection with its sale of goods to the Difson Company of Bompai Kano, Nigeria. Issue was joined in January 1983, and examinations before trial were conducted in March and April of that year. Thereafter, the case was dormant until plaintiff brought the instant motion in March 1991. Upon its motion for summary judgment, plaintiff submitted a copy of its original collection order containing instructions which provide for the release of title documents to Difson Company upon payment of the purchase price or, in the alternative, upon guarantee of payment by the collecting bank, Savannah Bank of Nigeria, Ltd. Plaintiff also submitted a copy of the collection order issued by defendant bank, which contains the collection instruction "DELIVER DOCUMENTS AGAINST ACCEPTANCE." The affidavit of plaintiff's president, Morris Broker, alleges that, as a result of defendant's alteration of the terms of the collection order, "Difson, by merely accepting to make payment obtained the documents of title and thus obtained the goods sold without making payment. As a result, plaintiff to this very day has been unable to obtain payment for these goods."

Supreme Court found the documentary evidence sufficient to establish that defendant materially breached the terms of the collection order and granted judgment to plaintiff in the amount stated therein ($161,078.58). The court rejected defendant's affirmative defenses and denied its cross-motion seeking dismissal of the action for failure to prosecute by reason of defendant's failure to serve a 90-day notice pursuant to CPLR 3216. Together with interest from January 2, 1981, the total judgment awarded totals $321,241.92.

I agree that defendant's allegation of fraud in the underlying commercial transaction between plaintiff and Difson Company is merely speculative. I further agree that the documentary evidence submitted by plaintiff establishes a basis for holding defendant bank liable for any delivery of goods which may have been made to Difson Company. And I agree that defendant's cross-motion seeking dismissal of the complaint was properly denied. However, these determinations do not put an end to the court's inquiry.

In essence, plaintiff's claim is based on non-payment for goods sold and delivered. Defendant's liability for the purchase price is predicated on its failure to comply with the instructions contained in plaintiff's collection order, thus occa-

sioning the loss. The record is sufficient to establish that defendant improperly issued a delivery order (UCC 7-102 [1] [d]) directing the collecting bank (Savannah Bank of Nigeria, Ltd.) to deliver documents of title to the goods without first either receiving payment from the purchaser or a guarantee of such payment from the collecting bank.

However, the record is devoid of any documentation which establishes either the actual receipt of the goods by Difson Company or the actual value of the goods, despite requests from defendant's counsel for the production of such documents. Conspicuously absent is the bill of lading or other document of title delivered to the purchaser to enable it to take possession of the goods. This is a document which, in the normal course of business, would be expected to have been transmitted back to the seller by the carrier. Also absent is any memorandum of the sale, invoice, customs declaration, way bill or other shipping document. The record does contain a certificate of value verified by one "K. James, Chief Clerk, Hatzlachh Supply Inc." However, the certificate is unsigned and its source and reliability are unknown. During his examination before trial, Morris Broker stated that he had no recollection of anyone named James working for the company, that there was no title of chief clerk and that he believed the document may have been prepared by "the forwarder from the trucking company".

With respect to liability, defendant, in opposing plaintiff's motion for summary judgment, has not met its obligation to "submit evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" (Indig v Finkelstein, 23 NY2d 728, 729). Defendant's charges that plaintiff engaged in a sham transaction with Difson Company and perpetrated fraud are unsupported by evidence and constitute "mere conclusions, expressions of hope or unsubstantiated allegations" (Zuckerman v City of New York, 49 NY2d 557, 562).

Defendant's contention that plaintiff "has not offered any evidence of the sale of identifiable goods or the delivery thereof", by contrast, raises an issue of fact requiring trial (Crocker Commercial Servs. v Safdie, 111 AD2d 34, 35). The expedient of summary judgment does not relieve a plaintiff of the burden to establish that a loss was sustained and to prove the extent of damages claimed. The affidavit of Morris Broker is silent as to the details of plaintiff's alleged transaction with Difson Company, offering merely the conclusory allegation that the goods were received by the buyer without payment. It

fails to state what goods were shipped, how their value was determined and how their arrival in Nigeria and delivery to Difson were ascertained.

On a motion for summary judgment, the function of the court is one of issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, *affd* 65 NY2d 732), and the test is whether the pleadings raise a triable issue of fact *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169; *Di Sabato v Soffes,* 9 AD2d 297). Having failed to establish, by documentary evidence or otherwise, either the fact of delivery or the value of merchandise alleged to have been delivered to Difson Company, plaintiff has failed to demonstrate that no factual issue remains requiring a trial of this action *(Garrett v Unanimity Constr.,* 160 AD2d 546, 547, *appeal dismissed* 76 NY2d 936, *amended* 172 AD2d 309), and summary judgment is therefore unwarranted.

Accordingly, the judgment should be modified to the extent of denying plaintiff's motion for summary judgment and, except as so modified, affirmed.