■ CATHERINE DONNELL, Appellant, v MADISON AVENUE-53RD STREET CORPORATION et al., Respondents, et al., Defendant. [624 NYS2d 427] —Order of the Supreme Court, New York County (Jane Solomon, J.), entered on or about November 24, 1993, which granted defendants-respondents' motions to dismiss the complaint for want of prosecution, unanimously reversed, on the law, and the motions denied, without costs.

Defendant 510 Madison Avenue Camera & Electronics Corp. did not serve plaintiff with a 90-day notice and, thus, is not entitled to dismissal of the complaint (CPLR 3216 [b] [3]; *Juracka v Ferrara,* 137 AD2d 921, 923, *lv dismissed* 72 NY2d 840, *mot to renew mot for lv to appeal denied* 74 NY2d 642; *Seidman v Shames,* 130 AD2d 568, 569). Service of the notice by the moving party is a condition precedent to dismissal for general delay in prosecution (CPLR 3216 [b]; *Hatzlachh Supply Co. v Bank of Am.,* 188 AD2d 298, *affd* 81 NY2d 1031).

At issue on this appeal is whether defendant Madison Avenue-53rd Street Corporation ("53rd Street") has demonstrated compliance with CPLR 3216 (b) so as to be entitled to

dismissal of the action against it. The question is complicated by inconsistent orders that set varying dates for completion of discovery and filing a note of issue.

At the outset, a Preliminary Conference Order dated August 27, 1990 (Leonard N. Cohen, J.) directed plaintiff to file a note of issue by December 31, 1991. On August 20, 1991, defendant 53rd Street served a 90-day notice on plaintiff pursuant to CPLR 3216 (b). Thereafter, in compliance with the order of Justice Cohen, plaintiff delivered a note of issue to the Clerk of the Court on or about December 30, 1991.

53rd Street sought to strike the note of issue by way of a motion returnable February 3, 1992. In a letter of the same date to all parties, 53rd Street states that it was informed by plaintiff, prior to the return date, that the Calendar Clerk had returned the note of issue and certificate of readiness. The letter goes on to state that, upon the court's suggestion, counsel prepared a Preliminary Conference Order (so ordered by Martin Schoenfeld, J.). Significantly, the order was drafted by counsel for the party defendants in the absence of plaintiff's attorney. It specifies no date by which a note of issue is to be filed, this section having been completed and later struck out (whether by the court or counsel is not clear). The order further provides for additional discovery to be conducted—the examination before trial of the City and 510 Madison Avenue Camera & Electronics Corp. on April 15, 1992 and the physical examination of plaintiff within 45 days of the order.

It is evident that counsel for defendants waived any requirement for filing a note of issue in December 1991, as directed by the original Preliminary Conference Order of Justice Cohen, by their acquiescence in further discovery. In addition, the order of February 3, 1992 is the last pronouncement by the court on discovery and related matters, and it must be deemed to supersede all prior orders. Finally, any omission in the order, and therefore any resultant confusion that may have been occasioned by its terms, is directly attributable to defense counsel, who prepared the order at the court's recommendation. Concur—Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.