■ MARCIAL VELASQUEZ, Respondent, v SCOTT M. NEWELL et al., Appellants. [650 NYS2d 565] —In a negligence action to recover damages for personal injuries, the defendants Scott M. Newell and Joann Newell and the defendant Dominos Pizza, Inc., separately appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 24, 1995, which denied their respective motions pursuant to CPLR 3216 to dismiss the complaint and granted the plaintiff's cross motion for leave to file a note of issue.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

After the completion of discovery in November 1994, the defendants Scott M. Newell and Joann Newell served a 90-day notice upon the plaintiff by certified mail. In March 1995 these defendants moved to dismiss the action pursuant to CPLR 3216. In April 1995 the defendant Dominos Pizza, Inc., also moved to dismiss the action pursuant to CPLR 3216. The plaintiff attempted to file a note of issue, but it was rejected because it was the policy in the Supreme Court, Suffolk County, to permit filing of a note of issue only upon a "certification order" granting permission to do so. The plaintiff then cross-moved, *inter alia,* for leave to file a note of issue and statement of readiness. His attorney attributed the failure to move earlier essentially to law office failure and submitted sufficient affidavits of merit. In the order appealed from, the Supreme Court denied the defendants' respective motions, finding that the plaintiff had established a reasonable excuse for the delay and a meritorious cause of action.

Since the defendant Dominos Pizza, Inc., never served a 90-day notice, its motion to dismiss was properly denied as a matter of law (*see, Seidman v Shames,* 130 AD2d 568). We further find that, under the particular circumstances of this case, the denial of the motion of the defendants Scott M. Newell and

Joann Newell was not an improvident exercise of the court's discretion (*see,* CPLR 2005; *cf., Midolo v Horner,* 131 AD2d 825). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.