■ BRUCE WALKER, Appellant, v ARTHUR GIBBONS, Doing Business as GIBBONS HOLDING COMPANY, Respondent, et al., Defendants. [26 NYS3d 463]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered October 8, 2013, which granted defendant Arthur Gibbons doing business as Gibbons Holding Company's (Arthur Gibbons) motion and defendants Back to Jerusalem Pentecostal Mission and Lurena Felder Sutton's cross motion to dismiss the complaint for failure to prosecute, unanimously reversed, on the law and the facts, without costs, and the motion and cross motion denied.

In this action for personal injuries, we are satisfied that plaintiff's failure to file a note of issue within 90 days of defendant Arthur Gibbons's CPLR 3216 demand was largely attributable to defendant's refusal to comply with the notices to take the outstanding deposition of its employee and for an inspection of its premises (*see Donegan v St. Joseph's Med. Ctr.*, 283 AD2d 152 [1st Dept 2001]). Accordingly, defendant Arthur Gibbons's motion to dismiss should have been denied.

Also, defendants Back to Jerusalem Pentecostal Mission and Lurena Felder Sutton's cross motion for dismissal of the complaint for failure to prosecute should have been denied for the additional reason that they did not serve their own 90-day notice (*see Donnell v Madison Ave.-53rd St. Corp.*, 214 AD2d 307 [1st Dept 1995]; *Juracka v Ferrara*, 137 AD2d 921, 923 [3d Dept 1988], *lv dismissed* 72 NY2d 840 [1988]; CPLR 3216 [b] [3]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.