Progresso Ventures, LLC, Plaintiff,

against
Frank Mazzola, EMILIO DISANLUCIANO, JOHN BIVONA, WILLIAM BARKOW, FB MANAGEMENT ASSOCIATES, LLC, PIPIO MANAGEMENT ASSOCIATES, LLC, PROFESSIO MANAGEMENT, ASSOCIATES, LLC, FELIX VENTURE PARTNERS QWIKI MANAGEMENT ASSOCIATES, LLC, FACIE LIBRE MANAGEMENT ASSOCIATES, LLC, and FELIX INVESTMENTS, LLC, Defendants.


652730/2015

Plaintiff 
HOLWELL SHUSTER & GOLDBERG, LLP
750 Seventh Avenue
New York, NY 10019
BY: AVI ISRAELI, ESQ. 
HANNAH SHOLL, ESQ. 
DANIEL GOLDBERG, ESQ.
Defendant
LAW OFFICE OF JOHN E. LAWLOR
129 Third Street
Mineola, NY 11501
BY: JOHN LAWLOR, ESQ.


Charles E. Ramos, J.

In motion sequence 004, the plaintiff Progresso Ventures, LLC (Progresso) moves pursuant to CPLR 3212 for partial summary judgment against the defendants Frank Mazzola (Mazzola), Emilio DiSanluciano (DiSanluciano), William Barkow (collectively, the Guarantors), and John Bivona (Bivona) on its first cause of action for the breach of guarantees.
This action is related to Progresso Ventures, LLC v. FB Management Associates, LLC, Index No. No.650614/15 (the FB Action). Both actions relate to a note purchased by Eduardo Saverin (Saverin) from defendant FB Management Associates, LLC (FB Management)(the Note). The FB Action seeks the enforcement of the Note's obligations against FB Management, while this action seeks the enforcement of certain guarantees executed in connection with the Note by the Guarantors and Bivona.
As a preliminary matter, the portion of the motion seeking summary judgment against Bivona is severed and stayed pending the outcome of his current bankruptcy proceeding.
BACKGROUND
As alleged in the complaint, on February 16, 2011, defendant FB Management Associates, LLC (FB Management) and Eduardo Saverin (Saverin) executed a note purchase agreement (the Note Agreement), whereby FB Management delivered to Saverin the Note with a principal balance of $4 million accruing interest at a rate of 15%.
To induce Saverin to execute the Note Agreement, the Guarantors each executed a personal guarantee agreement (the Guarantees) guaranteeing FB Management's performance of its obligations under the Note.
Pursuant to the Note Agreement, FB Management was to use the proceeds of the Note to invest in membership interests in Facie Libre Associate II, LLC (Facie Libre), an entity created for the sole purpose of acquiring and holding shares of Facebook, Inc. (Facebook). Facebook was still a privately held corporation at this time (Sholl Aff., Ex. D).
The maturity date of the Note was the earlier of the thirty-six months from the date of the Note or thirty days following a liquidity event, which is defined as FB Management's sale of its membership interest in Facie Libre or a distribution to FB Management of cash or Facebook shares related to its investment in Facie Libre. In the event of a liquidity event, Progresso is entitled to received 50% of the net proceeds received by FB Management in excess of the aggregate outstanding principal amount of the Note, plus all accrued, but unpaid interest (the Additional Return)(id., Ex. A, § 3).
On March 20, 2011, Saverin assigned all of his right, titles, and interest in the Note, Note Agreement, the Collateral Assignment, and the Guarantees to Progresso. Saverin is the sole member of Progresso with full authority to act on its behalf.
In June 2011, FB Management sold 18,012 shares of Facie Libre Series S shares, triggering a liquidity event and the maturity of the Note. By July 22, 2011, FB Management had sold 100% of its membership interests in Facie Libre.Pursuant to the Note, all amounts outstanding and the Additional Return became due and owing thirty days after the liquidity event. Despite numerous demands by Progresso for payment of the loan proceeds, FB Management has only partially repaid the outstanding balance of the Note, but remains in default of its obligations under the Note in approximate amount of $1.1 million.
On June 2, 2016, the FB Action, this Court granted Progresso summary judgment against FB Management rejecting its argument that the Note was orally modified by the parties (Trans. 6/2/2016, 24:23-25).
DISCUSSION
In opposition to Progresso's motion for summary judgment, the Guarantors do not dispute that there is a balance due and owing on the Note and that they executed the Guarantees of the Note. Rather, they contend that the Guarantees are no longer operative because the Note was fully repaid, and Progresso subsequently and immediately reinvested a portion of the repayment with Mazzola in Palantir Technologies, Inc. (Palantir).
It is well established that "on a motion for summary judgment, the moving party must sufficiently establish his cause of action, by evidentiary proof in admissible form, to warrant a directed judgment as a matter of law; unless the opposing party then demonstrates that there exist material issues of fact as would warrant a trial, summary judgment will be granted" (Garrett v Unanimity Const., Inc., 160 AD2d 546, 547 [1st Dept 1990]).
"[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise a triable issue of fact to defeat a motion for summary judgment (Zuckerman v City of NY, 49 NY2d 557, 562 [1980]).
The Guarantors are correct in arguing that the obligations under the Guarantees would be extinguished upon repayment of the Note, and would not extend to Progresso's new investment in Palantir. However, the Guarantors fail to submit any evidence to demonstrate that Progresso consented to the Palantir investment or that the parties intended the Palantir investment to extinguish FB Management and the Guarantor's obligations under the Note. The only evidence submitted are self-serving affidavits by the Guarantors and emails from Mazzola informing [*2]Progresso about potential investments that were available, which are insufficient to raise a triable issue as to the Guarantors' purported defense (Lawlor Aff., Exs. H, I, J).
The Guarantors fail to submit any evidence that Progresso agreed or consented to the proceeds being reinvested in Palantir or another investment. The Guarantors cannot point to a single document or communication that would lead this Court to conclude that Progresso had an opportunity to be repaid in full, but declined it so that it could reinvest a portion of the proceeds with Mazzola. 
Furthermore, there are multiple letters sent by Saverin in April 2012 demanding the repayment of the Note (id. at Exs. K, L). The letters do not demonstrate that Saverin believed that the Note had been fully repaid, that he consented to the Note proceeds being reinvested, or that he was aware that the proceeds were invested in Palantir (id.). The Guarantors have failed to raise a triable issue of fact that would warrant denial of summary judgment.
In the FB Action, this Court determined that FB Management defaulted in its obligations under the Note. Here, Progresso has sufficiently established that the Note was not repaid and it did not agree to reinvest the proceeds of the Note in Palantir. Consequently, the Guarantees remain in full force and effect. Summary judgment is granted in Progresso's favor on its first cause of action for breach of the Guarantees.
Accordingly, it is
ORDERED that the plaintiff Progresso Ventures, LLC's motion for summary judgment is granted as against the defendants Frank Mazzola, Emilio DiSanluciano, and William Barkow as to liability, and it is further
ORDERED that the portion of the motion seeking summary judgment against John Bivona is stayed pending the outcome of his bankruptcy proceeding, and it is further
ORDERED that portion of the plaintiff Progresso Ventures, LLC's action that seeks the recovery of damages and attorney's fees is severed and the issue of the amount of reasonable damages and attorney's fees plaintiff Progresso Ventures, LLC may recover against the defendants Frank Mazzola, Emilio DiSanluciano, and William Barkow is referred to a Special Referee to hear and report; and it is further
ORDERED that counsel for the plaintiff shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a completed Information Sheet, upon the Special Referee Clerk in the Motion Support Office (Room 119M), who is directed to place this matter on the calendar of the Special Referee's Part for the earliest convenient date.
Dated: March 15, 2017
ENTER:
___________________________
J.S.C.