Pavilion Park Slope Cinemas 9, LLC v Pro Century Corp. (2020 NY Slip Op 04958)





Pavilion Park Slope Cinemas 9, LLC v Pro Century Corp.


2020 NY Slip Op 04958


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-03321
 (Index No. 500929/12)

[*1]Pavilion Park Slope Cinemas 9, LLC, appellant,
v
Pro Century Corp., et al., respondents, et al., defendant.


Madu, Edozie & Madu, P.C., Bronx, NY (Uche Emelumadu of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Copernicus T. Gaza of counsel), for respondent ProCentury Insurance Company, incorrectly sued as Pro Century Corp.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Diana E. McMonagle and Constantino P. Suriano of counsel), for respondent State National Insurance Company, Inc.
Donovan Hatem LLP, New York, NY (Joshua S. Stern, Scott K. Winikow, and Lauren Ippolito of counsel), for respondents New Age Underwriters Agency, Inc., also known as Genesis General Agency, and Matthew Park.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of insurance contracts, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 24, 2019. The order and judgment, insofar as appealed from, granted the motion of the defendant ProCentury Insurance Company, incorrectly sued as Pro Century Corp., pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute, denied those branches of the plaintiff's cross motion which were to vacate a 90-day notice served by that defendant pursuant to CPLR 3216 and for leave to extend the 90-day period to file a note of issue, and dismissed the complaint insofar as asserted against that defendant and, sua sponte, dismissed the complaint insofar as asserted against the defendants State National Insurance Company, Inc., New Age Underwriters Agency, Inc., also known as Genesis General Agency, and Matthew Park.
ORDERED that the order and judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendants State National Insurance Company, Inc., New Age Underwriters Agency, Inc., also known as Genesis General Agency, and Matthew Park; as so modified, the order and judgment is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants State National Insurance Company, Inc., New Age Underwriters Agency, Inc., also known as Genesis General Agency, and Matthew Park, and one bill of costs to the defendant ProCentury Insurance Company, incorrectly sued as Pro Century Corp., payable by the plaintiff.
Where, as here, the plaintiff is served with a 90-day demand pursuant to CPLR 3216, the plaintiff is required to timely file a note of issue or move, before the default date, either to vacate the demand or for an extension of the 90-day period (see Lee v Rad, 132 AD3d 643). The plaintiff failed to do either within the 90-day period and therefore, to avoid dismissal of the complaint for failure to prosecute, it was required to demonstrate a justifiable excuse, as well as a potentially meritorious cause of action (see Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760, 761). The plaintiff failed to demonstrate a justifiable excuse, as it failed to rebut the evidence that the 90-day demand was properly mailed to and received by its attorney of record (see CitiMortgage, Inc. v Etienne, 176 AD3d 669). Further, its claims of law office failure were conclusory and unsubstantiated (see HSBC Bank USA N.A. v Izzo, 177 AD3d 648, 649). Accordingly, the Supreme Court providently exercised its discretion in granting the motion of the defendant ProCentury Insurance Company, incorrectly sued as Pro Century Corp., to dismiss the complaint insofar as asserted against it. As the plaintiff did not provide a justifiable excuse, there is no need to determine whether the plaintiff established the existence of a potentially meritorious cause of action (see Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, 1024).
Nevertheless, we agree with the plaintiff's contention that, inasmuch as the defendants State National Insurance Company, Inc., New Age Underwriters Agency, Inc., also known as Genesis General Agency, and Matthew Park did not serve a 90-day demand, the Supreme Court should not have, sua sponte, dismissed the complaint insofar as asserted against them (see Walker v Gibbons, 137 AD3d 483; Yunga v Yonkers Contr. Co., Inc., 134 AD3d 1031, 1033; Reyes v Ross, 289 AD2d 554, 555).
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court