■ DOREEN FARO, Respondent, v FRANK YOUNG et al., Appellants. — In a negligence action to recover damages for personal injuries defendants appeal from an order of the Supreme Court, Queens County, dated February 25, 1980, which denied their motion to dismiss the complaint by reason of plaintiff's failure to timely comply with a 90-day notice served pursuant to CPLR 3216 (subd [b]). Order reversed, on the law, without costs or disbursements, defendants' motion granted and complaint dismissed. This action was commenced by the service of a summons and complaint on or about December 16, 1971 and issue was joined by the service of defendants' answers in April, 1972. Defendants, on July 10, 1979, served a notice by certified mail,

return receipt requested, to the office of the attorney for the plaintiff, demanding that the action be placed on the Trial Calendar within 90 days pursuant to CPLR 3216. On February 1, 1980, after 6 months and 21 days had elapsed, the plaintiff served and filed a note of issue. By notice of motion dated February 1, 1980, the defendants moved to dismiss the action for failure to timely comply with the 90-day demand. CPLR 3216 (subd [e]) provides that in the event of a failure to comply with such demand *"within such ninety day period,* the court may take such initiative or grant such motion *unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action"* (emphasis supplied). When the note of issue was served and filed herein, the plaintiff was already in default for a period of more than three and one-half months. Neither plaintiff's assertion that the defendants' counsel failed to co-operate with her requests "to effectuate a settlement", nor the fact that she served and filed the note of issue on the same day that the defendants made the motion to dismiss the action, constitutes a justifiable excuse for the default. Further, no affidavit of merit was submitted by the plaintiff in opposition to the motion, as required. Plaintiff did have available the simple expedient of seeking an extension of time from the court pursuant to CPLR 2004, but neglected to do so. Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.