■ HANNAH METH et al., Respondents, v MAIMONIDES MEDICAL CENTER et al., Defendants, and ROBERT LEV, Appellant. — In an action to recover damages for medical malpractice, defendant Lev appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated May 6, 1983, which denied his motion to dismiss the complaint as to him. Order reversed, on the law, with costs, and complaint dismissed as to appellant. This action was commenced by service of a summons and complaint in or about May, 1976. Plaintiff Hannah Meth claimed that the defendants negligently performed treatment and after-care procedures upon her, attendant to the delivery of her child in March, 1975. Issue was joined on behalf of defendant Lev on or about October 21, 1976. Plaintiffs served a bill of particulars upon Lev in May, 1977, and provided authorization in June, 1979, for release of hospital records. Plaintiffs served

defendant Lev with notices to take deposition dated July 7, 1977, October 2, 1979, and May 24, 1982, respectively. Plaintiffs claim defendant Lev failed to appear. Lev claims that he attempted to schedule examinations before trial but plaintiffs failed to respond. In November and December, 1982, plaintiffs' counsel failed to appear for precalendar conferences scheduled upon defendant Lev's request. Lev then served plaintiffs with a 90-day notice, pursuant to CPLR 3216. Plaintiffs' response was to schedule another precalendar conference at which they failed to appear. A note of issue was never filed. Merely scheduling a precalendar conference does not satisfy the requirements of 90-day notice service pursuant to CPLR 3216. If plaintiffs were unable to comply, they should have sought an extension of time, before default, pursuant to CPLR 2004 (see *Nappi v St. John's Cemetery,* 73 AD2d 687). Plaintiffs' failure to file a note of issue within 90 days after service of the demand can only be excused by a showing of a justifiable excuse for the delay and a meritorious cause of action (CPLR 3216, subd [e]). Plaintiffs have not demonstrated a justifiable excuse. Their counsel's status as a single practitioner and the contention that he was engaged in other matters on the days of two of the scheduled pretrial conferences does not justify the failure to file the note of issue, seek an extension of time or otherwise diligently prosecute this action. Nor does plaintiffs' contention that defendant Lev refused to submit to examinations before trial justify their default (see *Hurley v Dougherty,* 56 AD2d 974). The three notices to take deposition were served two to three years apart and constitute the only activity initiated by plaintiffs after serving the complaint. Plaintiffs were free to move to compel disclosure, pursuant to CPLR 3124 and 3126. Furthermore, plaintiffs could have moved for permission to file a note of issue and statement of readiness with leave to depose defendant Lev in the future (22 NYCRR 675.6). Assuming Lev did refuse to comply, plaintiffs had many options available to compel disclosure but chose to do nothing for seven years. "The duty of prosecuting the action rests on the one who brings it, not on the one who defends it" (*Sortino v Fisher,* 20 AD2d 25, 30). Moreover, the allegations of malpractice set forth in the affidavit of merits are couched in conclusory terms and merely paraphrase the complaint and bill of particulars. We find this unacceptable. Generally, in a medical malpractice action, an affidavit of merit from a medical expert is required (*Berman v Brunswick Hosp. Center,* 94 AD2d 736). Accordingly, the complaint must be dismissed as to defendant Lev for failure to prosecute, pursuant to statutory notice, and for general delay. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.