■ ROGER MASON et al., Respondents, v FRED SIMMONS, Appellant.—Kane, J. Appeal from that part of an order of the Supreme Court at Special Term (Kahn, J.), entered October 29, 1984 in Columbia County, which granted plaintiffs' motion to compel defendant to permit a site inspection of ponds and dams on his property by an engineering firm.

Plaintiffs own parcels of property in the Town of Chatham, Columbia County, which are bounded by a natural stream. Defendant owns property in the Town of Old Chatham, Columbia County, and resides upstream from plaintiffs' properties. In 1977, through the use of various pipes and spillways, defendant constructed two ponds on his property. In 1983, defendant created a third pond on his property. All three of the ponds on defendant's property are fed by water from the natural stream which flows past plaintiffs' properties.

On or about May 16, 1984, plaintiffs commenced the instant action and moved for a preliminary injunction returnable June 7, 1984. In May 1984, counsel for plaintiffs and counsel for defendant agreed to adjourn plaintiffs' motion for a preliminary injunction until September 6, 1984. Counsel for the parties also agreed that defendant would permit, and bear the cost of, an inspection of his ponds and dams by an independent engineering firm. The agreement further provided that the results of the study would not be used by any of the parties in this litigation. Defendant subsequently retained new counsel and, by letter dated August 31, 1984, defendant's new counsel informed plaintiffs' attorney that defendant would not permit an inspection of his ponds and dams under the terms of the agreement entered into by his prior counsel. Plaintiffs' motion for a preliminary injunction and for an order directing defendant to abide by the terms of the agreement entered into by his prior counsel was heard on September 6, 1984. Special Term denied plaintiffs' motion for a preliminary injunction but directed defendant to honor the agreement to permit inspection of his ponds and dams. This appeal by defendant ensued.

Defendant contends that his prior attorney lacked authority to enter into the agreement. This contention is without merit. Defendant claims that he was not informed of the details of the agreement, which he considers unfair. It is undisputed, however, that defendant's prior counsel appeared on his behalf and negotiated an inspection of defendant's ponds and dams. In fact, a copy of the prior counsel's acceptance of the agreement was apparently sent to defendant. As there are no allegations of fraud, defendant cannot now dispute his counsel's authority to enter into the agreement with plaintiffs (6 NY Jur 2d, Attorneys at Law, § 82, at 563-564; *cf. Hallock v State of New York,* 64 NY2d 224). Finally, contrary to defendant's assertion, we find that the agreement herein was unambiguous. The agreement clearly specifies the intent to have an engineering study conducted, the engineer who was to perform the inspection and the date the inspection was to commence. The order must, therefore, be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.