■ ERNEST C. MIDOLO, Respondent, v MILFORD D. HORNER, Appellant.—In a dental malpractice action, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 3, 1986, which denied his motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this dental malpractice action on or about June 22, 1983, alleging, inter alia, the negligent installation of caps, crowns and endodontic posts in the plaintiff's teeth. Issue was joined on August 30, 1983, and depositions were completed by June 15, 1984. On May 29, 1986, the defendant served a 90-day notice pursuant to CPLR 3216 (b)

(3), which required the plaintiff to serve and file a note of issue within 90 days of June 2, 1986, the date of the receipt of the notice.

By notice of motion dated September 22, 1986, the defendant moved to dismiss the plaintiff's complaint for failure to prosecute as the plaintiff's time pursuant to the 90-day notice had expired. The only excuse offered by the plaintiff for failure to timely serve and file a note of issue was a misplaced file, that is, law office failure (see, Watt v New York City Tr. Auth., 97 AD2d 466; Miniotis v Dugan Bros., 40 AD2d 982; Moshman v City of New York, 3 AD2d 822). While a court has discretion to excuse such defaults pursuant to CPLR 2005, it is not the intent of this statute to routinely excuse defaults, especially where no mitigating factors have been set forth (see, De Vito v Marine Midland Bank, 100 AD2d 530; Schicchi v Green Constr. Corp., 100 AD2d 509; La Buda v Brookhaven Mem. Hosp. Med. Center, 98 AD2d 711, affd 62 NY2d 1014).

We find that the defendant's motion to dismiss should have been granted as the plaintiff failed to submit an affidavit of merits by a dental expert competent to attest to the meritorious nature of the claim. The plaintiff's affidavit was insufficient as it merely contained conclusory and unsubstantiated assertions by a layperson that the defendant's acts constituted dental malpractice. As the allegations concern matters which are outside of the ordinary experience and knowledge of laypersons, an expert dental opinion was required to demonstrate merit (see, Canter v Mulnick, 60 NY2d 689; Fiore v Galang, 64 NY2d 999). Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.