■ ALEDA PANNULLO et al., Respondents, v FRANK STARO, Appellant, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant Staro appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated February 17, 1987, which granted the plaintiff's motion to vacate so much of a prior order of the same court, dated November 13, 1986, as dismissed the complaint as against Staro entered upon the plaintiffs' default in opposing a cross motion by Staro for summary judgment.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

This medical malpractice action was commenced in April 1982, and a note of issue was filed in July 1984 following the completion of discovery. Two years after the filing of the note of issue, the defendant Southside Hospital and the defendant Staro moved and cross-moved for summary judgment. The plaintiffs submitted opposition only with respect to the defendant Southside Hospital's motion. By an order dated November 13, 1986, Justice Jones granted the motion, and also granted the cross motion on default.

The plaintiffs moved to set aside the default, setting forth reasons for their failure to oppose Staro's cross motion. The plaintiffs failed to provide an affidavit of merit. The plaintiffs' counsel claimed that certain records were in the possession of a third party, one of the injured plaintiff's treating physicians. The plaintiffs had been aware of these records for at least three years prior to the motion and cross motion for summary judgment.

It is well established that a party seeking to be relieved of a default judgment must establish both a reasonable excuse for the default and the existence of a meritorious case *(see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). Although the plaintiffs have provided an arguably reasonable excuse for the default, they have failed to provide anything which would indicate that they have a meritorious claim against the defendant Staro. The plaintiffs did not submit an affidavit of their own but only an affirmation of their attorney

not based upon personal knowledge. This was insufficient *(see, Oversby v Linde Div.,* 121 AD2d 373). Further, the plaintiffs failed to submit an affidavit from their own expert setting forth his opinion or his reasons as to why the other records held by the third party were necessary to aid him in forming an opinion as to the merits of the plaintiffs' claim.

In view of the plaintiffs' failure to establish a meritorious claim, the default was improperly vacated. Thompson, J. P., Weinstein and Balletta, JJ., concur.

Brown, J., dissents, and votes to affirm, with the following memorandum. I am not prepared to join my colleagues in the majority in concluding that the Supreme Court improperly vacated the plaintiffs' default herein.

It is undisputed that at the time that the defendant Staro made his cross motion for summary judgment, the injured plaintiff's medical records were in the hands of another of her treating physicians and had not been turned over to her as she had requested. Indeed, at the time of the making of the cross motion for summary judgment there was pending before the same court a motion to compel the turnover of those very medical records and, on October 30, 1986, just two weeks prior to the court's granting Staro's cross motion for summary judgment upon the plaintiffs' default, the court had directed that the records be turned over to the plaintiffs' counsel no later than December 15, 1986. Thus, at the time the cross motion was decided, the plaintiffs were justified in assuming that they would have time to obtain the medical records before submitting an affidavit of merits. Both the Supreme Court and the majority herein would apparently accept these circumstances as providing a reasonable excuse for the plaintiffs' default.

The majority, however, claims that the mere submission of an attorney's affidavit was insufficient to satisfy the requirement of an affidavit of merit. With that, I do not disagree. However, a personal affidavit of the injured plaintiff, which the majority would insist upon, would also have been insufficient since it is well established that an affidavit of merits in a medical malpractice case must be based upon expert medical opinion *(Fiore v Galang,* 64 NY2d 999). What was required in this case was an affidavit of merits from a medical expert and it does not seem to me, under the circumstances, to have been an abuse of discretion for the Supreme Court to have allowed the injured plaintiff additional time to obtain her medical records pursuant to its separate order in order to prepare a proper affidavit of merits. The situation presented was akin to

that contemplated by CPLR 3211 (d) and 3212 (f) where a party, with an obligation to oppose a motion to dismiss or for summary judgment, may be granted a continuance in order to secure, through discovery or otherwise, necessary facts which are presently unavailable. I see no basis for holding that the plaintiffs' expert was required to submit what was not really an affidavit of merits but, in effect, a further affidavit of excuse, speculating as to what was contained in the withheld records and explaining why he was unable to prepare a proper affidavit of merits without them. I can perceive no substantial prejudice to the appellant in the court's having allowed the plaintiffs' expert a brief extension of time within which to prepare a proper affidavit of merits after he had had the benefit of examining the injured plaintiff's complete medical records. Under these circumstances, I see no basis for disturbing the Supreme Court's exercise of its discretion and depriving the plaintiffs of their day in court.