■ ROGER MASON et al., Appellants, v FRED SIMMONS, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 26, 1987 in Columbia County, which, inter alia, granted defendant's motion to dismiss the complaint for failure to prosecute.

Plaintiffs commenced this action on or about May 16, 1984 seeking injunctive, declaratory and monetary relief as the result of defendant's alleged wrongful diversion and obstruction of a natural stream which flowed from defendant's property to plaintiffs' property. Accompanying the complaint was a motion for a preliminary injunction, which Supreme Court denied by decision dated October 5, 1984 for "plaintiffs' failure to demonstrate a substantial likelihood of success on the merits". This order was affirmed by this court (114 AD2d 622) on October 17, 1985.

The demand by defendant for a bill of particulars contained in his answer of August 1984 was complied with at the end of July 1985. Pursuant to CPLR 3216, defendant served a 90-day demand which was received by plaintiffs on June 9, 1986. It was not until July 8, 1986 that plaintiffs served interrogatories and a notice to permit entry upon real property. About a

week before the expiration of the 90-day period, defendant served his answer to plaintiffs' interrogatories. Significantly, plaintiffs never moved to vacate or extend the 90-day demand. By notice of motion dated September 18, 1986, a week and a half after the expiration of the 90-day period, defendant moved to dismiss plaintiffs' action for lack of prosecution under CPLR 3216 (e). In response to the motion, plaintiffs cross-moved for an extension of time in which to file a note of issue.

Supreme Court held that plaintiffs' failure to move for an extension of time or to vacate the CPLR 3216 90-day notice constituted a failure of compliance by plaintiffs. Supreme Court further held that the affidavit of plaintiff Roger Mason, in effect, merely parroted the general allegations of the complaint and was insufficient to establish a meritorious cause of action.

We find no abuse of discretion in the order of Supreme Court dismissing plaintiffs' action. When defendant served a 90-day demand pursuant to CPLR 3216, it was incumbent upon plaintiffs, who received it on June 9, 1986, to comply or to move before default to either vacate the notice or to extend the 90-day period (see, Stein v Wainwright's Travel Serv., 92 AD2d 961). Having failed to do either, plaintiffs must demonstrate a justifiable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (see, Riley v Makowski, 92 AD2d 664). The proffered excuses here, that defendant failed to answer interrogatories in a timely fashion, which were served within the 90-day period, and that plaintiffs were unable to schedule their expert's inspection of defendant's property within 90 days, are insufficient reasons for plaintiffs' failure to file a note of issue pursuant to the demand. Furthermore, plaintiffs relied upon the allegations of the complaint and an affidavit of 1 plaintiff who merely repeated these allegations to show a meritorious cause of action. The allegations of the complaint were mainly upon information and belief. Such conclusory allegations are insufficient, as held by Supreme Court (see, Aquilino v Adirondack Tr. Lines, 97 AD2d 929). Accordingly, the order should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.