■ ROSILYN TURMAN et al., Respondents, v AMITY OBG ASSOCIATES, P. C., et al., Appellants, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants Amity OBG Associates, P. C., G.J. Burres, B.D. Podell and A.J. Rosenman appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 8, 1989, which denied their motion to dismiss the complaint insofar as it is asserted against them pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendant is severed.

Based upon our review of the record, we conclude that the Supreme Court improvidently exercised its discretion in denying the appellants' motion to dismiss the complaint insofar as it is asserted against them pursuant to CPLR 3216 for failure to prosecute.

Having been served with a 90-day demand pursuant to CPLR 3216, it was incumbent upon the plaintiffs to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period (see, Papadopoulas v R.B. Supply Corp., 152 AD2d 552; Mason v Simmons, 139 AD2d 880). The plaintiffs failed to do so, and, in this regard, we note that their request for a precalendar conference did not satisfy the requirements of CPLR 3126 (see, Meth v Maimonides Med. Center, 99 AD2d 799). As such, the plaintiffs, to avoid the sanction of dismissal, were required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and that they had a meritorious cause of action (see, Papadopoulas v R.B. Supply

*Corp., supra; Mason v Simmons, supra).* Although the plaintiffs' papers submitted in opposition to the motion arguably demonstrate a meritorious cause of action, they failed to demonstrate a reasonable excuse for the default.

The plaintiffs contend that their default should be excused because the appellants contributed to the delay by refusing to submit to examinations before trial. However, the only proof submitted in this regard is a cross notice to take depositions dated April 7, 1984. Apart from the plaintiffs' conclusory allegation, there is nothing in the record to indicate that the appellants thereafter refused to be deposed. Indeed, the plaintiffs apparently did not see fit to complain of the appellants' alleged recalcitrance even when served with the 90-day notice on June 11, 1987. Instead they sat back and waited until the appellants moved to dismiss the action nearly two years later before asking for that relief. We find that such inaction clearly establishes a failure to prosecute warranting dismissal *(see, Papadopoulas v R.B. Supply Corp, supra; Mason v Simmons, supra).* Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.