■ CHARLES F. BILLINGS et al., Appellants, v K. SUDHAKER RAO et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Richmond County (Leone, J.), entered August 10, 1989, which granted the defendants' respective motions to dismiss the complaint for failure to timely file a Notice of Medical Malpractice Action, upon the plaintiffs' default in responding to the mo-

tions, and (2) from an order of the same court, dated October 11, 1989, which denied their motion to vacate their default in responding to the defendants' respective motions to dismiss the complaint.

Ordered that the appeal from the order entered August 10, 1989, is dismissed *(see,* CPLR 5511); and it is further,

Ordered that the order entered October 11, 1989, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

It is well established that a party seeking to be relieved of his or her default must establish both a reasonable excuse for the default and merit *(see, Pannullo v Staro,* 139 AD2d 636; *see also, Scopino v St. Joseph's Hosp.,* 142 AD2d 569). The sufficiency of the excuse for the default, as well as of the affidavit establishing the meritorious case, is ordinarily left to the discretion of the Supreme Court *(see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Perellie v Crimson's Rest.,* 108 AD2d 903; *De Vito v Marine Midland Bank,* 100 AD2d 530). In the matter at bar, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion to vacate their default, because the physician's affidavit submitted to establish the merits of their claim did not indicate, in any way, that the defendants departed from accepted medical standards or that any such departure was a proximate cause of any injuries to the injured plaintiff. Absent even a bare statement of opinion by a medical expert that the treatment rendered was below acceptable professional standards *(see, Canter v Mulnick,* 60 NY2d 689, 690), the affidavit was inadequate *(cf., Amsler v Verrilli,* 119 AD2d 786). In light of the foregoing, this court cannot consider the merits of the underlying motion to dismiss for failure timely to file a Notice of Medical Malpractice Action in light of the recent decision of the Court of Appeals in *Tewari v Tsoutsouras* (75 NY2d 1). Thompson, J. P., Kunzeman, Eiber and Rosenblatt, JJ., concur.