■ DORIS SOCOLOFF, as Administratrix of the Estate of NORMAN SOCOLOFF, Deceased, Respondent, v NEW YORK EYE AND EAR INFIRMARY, Appellant, et al., Defendants.—In an action to recover damages for medical malpractice and wrongful death, the defendant New York Eye and Ear Infirmary appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated November 22, 1989, which denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the facts, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendant New York Eye and Ear Infirmary.

The Supreme Court improvidently exercised its discretion in denying the appellant's motion to dismiss the plaintiff's complaint insofar as asserted against it. At the time the appellant served its first 90-day demand pursuant to CPLR 3216 on October 11, 1988, it was incumbent upon the plaintiff to comply or seek an extension of the 90-day period. The plaintiff did not respond to this demand nor to a second demand served on May 25, 1989. Having failed to fulfill her obligations, the plaintiff was obligated to establish a justifiable excuse and a meritorious cause of action to avoid the sanction of dismissal. The affirmation by the plaintiff's counsel was insufficient to

establish a meritorious cause of action and, as no acceptable excuse was offered for the failure to proceed and timely file the note of issue, the complaint is dismissed insofar as asserted against the appellant *(see, Midolo v Horner,* 131 AD2d 825; *Meth v Maimonides Med. Center,* 99 AD2d 799). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.