■ BRENDA FRANCK, Respondent, v CNY ANESTHESIA GROUP, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff failed to demonstrate an acceptable excuse for her failure to file a note of issue within the 90-day demand period or the existence of a meritorious cause of action, and the motion to dismiss her medical malpractice complaint should have been granted (see, CPLR 3216 [e]; Walker v Town of Lockport, 109 AD2d 1102, affd 65 NY2d 840; Young v Tompkins, 124 AD2d 1061; MacLeod v Nolte, 106 AD2d 860). Supreme Court erred in concluding that settlement negotiations with a codefendant well after expiration of the 90-day demand period constituted an acceptable excuse for the failure to file a note of issue (see, Berna v Monroe Community Coll., 91 AD2d 1199). Further, neither the fact that plaintiff filed a note of issue more than a year after service of defendant's demand nor the inconvenience resulting from plaintiff's relocation to Maine shortly after commencement of the action amounts to an acceptable excuse (see, Scott v Columbia Mem. Hosp., 134 AD2d 792; Young v Tompkins, supra).

Plaintiff's submission of the hospital records and the letter report of a plastic surgeon was not sufficient to show a meritorious cause of action. These materials describe the events resulting in plaintiff's injury and the nature of that injury, but fail to state whether the injury was caused by a departure from accepted standards of medical care (see, Fileccia v Massapequa Gen. Hosp., 99 AD2d 796, affd 63 NY2d 639; Wind v Cacho, 111 AD2d 808, appeal dismissed 67 NY2d 871; Nelson v Eastman Dental Center, 85 AD2d 887). (Appeal from Order of Supreme Court, Onondaga County, Miller, J.—Dismiss Complaint.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.