■ M.P.S. Marketing Services, Inc., et al., Respondents, v Champion International Corporation, Appellant.—In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated December 11, 1989, which denied its motion to dismiss the complaint for failure to prosecute pursuant to CPLR 3216 (a).

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the complaint is dismissed.

The instant action arising from transactions in 1981, was commenced in 1983. The plaintiffs served discovery demands through December 1984, and then allowed the action to remain dormant. On April 20, 1989, the defendant served upon the plaintiffs' former counsel a 90-day notice pursuant to CPLR 3216. In June 1989, the plaintiffs changed attorneys. Thereafter, in October 1989 the defendant moved to dismiss the complaint for failure to prosecute. In opposition to this motion the plaintiffs submitted in November 1989 an affidavit of merits from a corporate Vice President, relating the factual basis for the lawsuit, and explaining that the delay in serving a note of issue had been caused by the plaintiffs' preoccupation with another, related lawsuit, and by difficulties in retaining new counsel.

The court found that the plaintiffs had carried their burden of demonstrating a good and meritorious cause of action and a justifiable excuse for their delay, sufficient to justify denial of the defendant's motion. We disagree and reverse.

CPLR 3216 (e) provides that if a party, upon whom a demand for a note of issue is served, fails to serve and file a note of issue within the 90-day period specified in CPLR 3216 (b) (3), "the court may take such initiative or grant such motion [to dismiss the action] unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]). We find, on this record, that the Supreme Court improvidently exercised its discretion in denying the motion to dismiss. The proffered excuses here, namely that the plaintiffs were preoccupied with related litigation and had experienced delays with the substitution of counsel, do not justify the plaintiffs' failure to file a note of issue pursuant to the demand (see, Koriba, Inc. v Porco, 116 AD2d 630; Wilson v Levinson, 114 AD2d 502; see also, Mason v Simmons, 139 AD2d 880). Thompson, J. P., Kunzeman, Rosenblatt and Ritter, JJ., concur.

Eiber, J., dissents and votes to affirm the order appealed from, with the following memorandum: I respectfully dissent. Where, as here, the plaintiffs have submitted an affidavit of merits establishing a meritorious cause of action and a justifiable excuse for their admittedly rather lengthy delay, the court did not improvidently exercise its discretion in denying the defendant's motion to dismiss the complaint (CPLR 3216 [e]; cf., Moran v Rynar, 39 AD2d 718). This is particularly so in a case where the defendant has not shown that it is prejudiced by the delay, and where dismissal will deprive the plaintiffs of their cause of action (see, Moran v Rynar, supra).