■ Cynthia P. Wilson, as Executrix of Rowena Johnson, Deceased, Respondent, v Oswald D. Nembhardt, Defendant, and Beryl Lawrence, Appellant.—In an action to compel the defendants to repair certain property, and to recover damages for injury to property, the defendant Beryl Lawrence appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated March 30, 1990, which granted the plaintiff's motion to vacate an order of the same court dated November 3, 1989, granting the defendant's motion to dismiss the action for failure to prosecute, and restored the action to the trial calendar.

Ordered that the order is reversed, as a matter of discretion, with costs, the plaintiff's motion is denied, and the order dated November 3, 1989, and any judgment entered thereon, is reinstated.

The present action was commenced by the service of a summons and complaint in 1984. On or about December 21, 1987, the attorneys for the defendant Beryl Lawrence served a "90-day notice". On or about July 13, 1989, the same attorneys, on behalf of their client, made a motion to dismiss the plaintiff's action for failure to prosecute (see, CPLR 3216). The motion was returnable on August 3, 1989, and oral argument on the motion was scheduled for August 17, 1989. On August 15, 1989, two days before the motion to dismiss was argued, the plaintiff filed a note of issue, without leave of court. By order dated November 3, 1989, the motion was granted, without opposition, and the Clerk of the court was directed to enter judgment in favor of the defendant Beryl Lawrence and against the plaintiff. A second motion by the appellant to strike the note of issue became academic in light of the dismissal of the action.

On January 17, 1990, the attorney for the plaintiff made a motion to vacate her default in opposing the appellant's motion to dismiss, to vacate the order granting that motion (see, CPLR 5015 [a]), and to "restore" her action to the trial

calendar. The plaintiff's attorney justified her failure to respond to the appellant's "90-day notice" by claiming that she had not received it until March 16, 1988, when she found it in the mailbox of her residence in Brooklyn, and that she promptly responded to it by serving a request for a preliminary conference. She justified her failure to oppose the appellant's subsequent motion to dismiss by stating, *inter alia,* that the "defendants' *[sic]* counsel's oral representations [caused her] not [to] realize until late in the day [of Aug. 17, 1989] that her appearance would be required". On the argument date of the motion (Aug. 17, 1989), a representative of the plaintiff's attorney presented what is alleged to have been an affidavit of actual engagement. This document, however, is not included in the record. The plaintiff's attorney also claimed that the defendant's attorney reneged his oral agreement to withdraw the motion to dismiss if she were to file a note of issue.

In opposition to this motion, the appellant's attorney pointed out that, in her bill of particulars, the plaintiff's attorney had, in fact, designated her residence address as her office address. The plaintiff's attorney later admitted that "it is difficult to recall why my home address appeared on that document". The appellant's attorney denied that anyone at his office agreed to withdraw the pending motion to dismiss if the plaintiff were to file a note of issue. He likewise denied that anyone in his office had agreed to adjourn that motion.

After allowing the plaintiff an opportunity to submit additional papers, the court (Ramirez, J.) granted the plaintiff's motion and restored the plaintiff's action to the calendar. We conclude that the plaintiff's attorney failed to establish a reasonable excuse for her default in complying with the "90-day notice" and responding to the defendant's motion to dismiss, and, accordingly, reverse.

A motion to dismiss a civil action for failure to prosecute should, in general, be granted "[w]here a party unreasonably neglects to proceed" (CPLR 3216 [a]). This general rule is subject to certain statutory qualifications, one of which is that such a motion should not be granted unless the movant "shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand" (CPLR 3216 [b] [3]). In this case, a notice was sent by certified mail to an address designated by the plaintiff's attorney, on the bill of particulars, as her office, and was signed for by an

unknown individual on December 31, 1987. The plaintiff's attorney claims that she notified the appellant's counsel of the relocation of her office in September 1987. Nevertheless, the fact remains that the plaintiff's attorney admittedly received the notice on March 16, 1988, at her residence. In light of the plaintiff's attorney's admission of its receipt, the service of the 90-day notice at her residence rather than at her office does not constitute a proper ground upon which to deny the appellant's motion (see, Balancio v American Opt. Corp., 66 NY2d 750 [failure to serve notice by certified mail mere irregularity, insufficient by itself to warrant denial of motion to dismiss]; see also, Matter of Slocum v Board of Educ., 124 AD2d 269; cf., Carlucci v Carlucci, 140 AD2d 290).

After receipt of the 90-day notice, the plaintiff's attorney made no effort to file a note of issue within the statutory time limit, and in fact made no effort to file a note of issue at all for over a year, until after a motion to dismiss had been made. Once the 90-day notice was served and received, "it was incumbent upon the plaintiff[s] to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period" (Turman v Amity OBG Assocs., 170 AD2d 668, citing Papadopoulas v R.B. Supply Corp., 152 AD2d 552; Mason v Simmons, 139 AD2d 880). The service of a demand for a pretrial conference does not satisfy this requirement (Turman v Amity OBG Assocs., supra; Meth v Maimonides Med. Center, 99 AD2d 799). Examination of the record reveals that there is absolutely no excuse, reasonable or otherwise, offered for counsel's neglect to file a note of issue between March 1988 and August of 1989. Under these circumstances, the plaintiff has failed to establish entitlement to relief pursuant to CPLR 3216 (e) (see, e.g., Franck v CNY Anesthesia Group, 175 AD2d 605 [action dismissed where excuse was on-going settlement negotiations]; Schuman v Raymond Corp., 174 AD2d 1040 [action dismissed where excuse was incomplete discovery]; M.P.S. Mktg. Serv. v Champion Intl. Corp., 176 AD2d 250 [action dismissed where excuse was preoccupation with other litigation]; Perez v Long Is. Jewish-Hillside Med. Center, 173 AD2d 530 [action dismissed where excuse was attorney's loss of long-time secretary]).

Even assuming that plaintiff's attorney had somehow justified her 17-month delay in placing the action on the calendar, the fact remains that she has also failed to offer a valid excuse for failing to oppose the appellant's motion to dismiss. In order to obtain discretionary relief from an order or judgment

made on default, the movant must offer proof of a meritorious claim or defense and must show an adequate excuse for the default (CPLR 5015 [a]; *see, e.g., Martinisi v Cornwall Hosp.,* 177 AD2d 549; *Giordano v Patel,* 177 AD2d 468; *Padawer v Shapiro,* 174 AD2d 714; *Billings v Rao,* 172 AD2d 472; *Fox v Bicanic,* 163 AD2d 272; *White v Leonard,* 140 AD2d 518; *Pannullo v Staro,* 139 AD2d 636; *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014). The plaintiff's attorney claims that the appellant's counsel orally agreed to withdraw an obviously meritorious motion, provided that a note of issue were filed. However, it is plain that any "out-of-court oral agreement alleged in no way fulfills the demands of CPLR 2104 [and] is * * * not binding on defendant" *(Bergan v Home for Incurables,* 124 AD2d 517, 519 [oral agreement by defendant not to oppose motion to restore action marked off calendar held inadequate to rebut presumption of dismissal pursuant to CPLR 3404]; *see also, La Froscia Constr. Corp. v City of Yonkers,* 140 AD2d 496). While there may be circumstances in which the reliance by one party upon the oral statements of another might be justifiable *(see, e.g., La Marque v North Shore Univ. Hosp.,* 120 AD2d 572; *Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908), we do not believe that this is such a case, even assuming that the appellant's attorney made the oral agreement attributed to him.

For these reasons, it was an improvident exercise of discretion for the court to excuse the plaintiff's attorney's failure to oppose the appellant's motion to dismiss, a failure rendered all the more inexcusable in that it occurred while the plaintiff's attorney was already in default in properly complying with the outstanding 90-day notice. As a matter of discretion, the order appealed from is reversed, and the plaintiff's motion is denied. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.