■ SHU CHAING CHAN et al., Respondents, v JOHN FENDT, Defendant, and FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK et al., Appellants.—In an action, *inter alia,* to recover damages for fraud, the defendants First American Title Insurance Company of New York and Intracoastal Abstract Co., Inc., appeal from an order of the Supreme Court, Queens County (Katz, J.), dated October 10, 1990, which denied their motion to dismiss the complaint insofar as it is asserted against them pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendant is severed.

The Supreme Court improvidently exercised its discretion in denying the appellants' motion to dismiss the complaint for failure to prosecute. CPLR 3216 permits a party to serve upon the adversary a written demand that he or she file a note of issue within 90 days, or risk dismissal *(see, Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552; *Carte v Segall,* 134 AD2d 397). In order to avoid being held in default, a party served with a 90-day notice must either comply with the notice by filing a note of issue, or moving, before the default date, to vacate the notice or to extend the 90-day period *(see, Kirkland v Community Hosp.,* 187 AD2d 566 [decided herewith]; *Wilson v Nembhardt,* 180 AD2d 731; *Turman v Amity OBG Assocs.,* 170 AD2d 668; *Papadopoulas v R.B. Supply Corp., supra).*

Having failed to pursue any of the foregoing options after being served with a 90-day notice pursuant to CPLR 3216, in order to defeat the appellants' motion for dismissal, the plain-

tiffs were obligated to demonstrate both a justifiable excuse for their failure to comply with the notice, and the existence of a meritorious cause of action *(see,* CPLR 3215 [e]; *M.P.S. Mktg. Servs. v Champion Intl. Corp.,* 176 AD2d 250; *Turman v Amity OBG Assocs., supra)*. However, the proffered excuse here—that the plaintiffs were engaged in efforts to sell their residence in order to mitigate the damages attributable to the appellants' alleged negligence—did not justify their failure to timely respond to the 90-day notice *(see, Wilson v Nembhardt, supra; Franck v CNY Anesthesia Group,* 175 AD2d 605; *M.P.S. Mktg. Servs. v Champion Intl. Corp., supra; Papadopoulas v R.B. Supply Corp., supra)*. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.