■ CARY W. GACHE, Appellant, v INCORPORATED VILLAGE OF FREEPORT et al., Respondents. [609 NYS2d 42] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated February 25, 1992, which granted the defendants' motion to dismiss the action pursuant to CPLR 3216 for want of prosecution.

Ordered that the order is affirmed, with costs.

Upon being served with a 90-day demand pursuant to CPLR 3216, the plaintiff was required to comply therewith by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period *(see, Socoloff v New York Eye & Ear Infirmary,* 174 AD2d 727; *Turman v Amity OBG Assocs.,* 170 AD2d 668)*.* The plaintiff failed to respond to the 90-day demand notice. Thus, to avoid the sanction of dismissal, it was incumbent upon the plaintiff "to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and that [he] had a meritorious cause of action" *(Turman v Amity OBG Assocs., supra,* at 668; *see also,* CPLR 3216 [e])*.* We conclude that the plaintiff has not satisfied either element of his evidentiary burden. Specifically, no acceptable excuse for the plaintiff's delay was proffered and, further, the plaintiff cannot be said to have demonstrated a meritorious cause of action, since he did not establish the existence of a serious injury, as defined by Insurance Law § 5102 (d). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the action

pursuant to CPLR 3216 for want of prosecution. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.