■ DICILIA ABELARD et al., Respondents, v INTERFAITH MEDICAL CENTER et al., Defendants, and STEVEN DIVACK, Appellant. [609 NYS2d 638] —In an action, *inter alia,* to recover damages for medical malpractice, the defendant Steven Divack appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Levine, J.), dated March 6, 1992, as, in effect, denied those branches of his motion which were to dismiss the complaint insofar as it is asserted against him for lack of personal jurisdiction and as barred by the applicable Statute of Limitations, and (2) so much of an order of the same court dated October 23, 1992 as denied his motion to dismiss the complaint insofar as it is asserted against him based upon the plaintiffs' failure to prosecute the action and as barred by the applicable Statute of Limitations.

Ordered that the appeal from the order dated March 6, 1992, is dismissed; and it is further,

Ordered that the order dated October 23, 1992, is reversed insofar as appealed from, on the law, the appellant's motion is granted, and the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendant is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiffs failed to respond to the appellant's demand that they serve and file a note of issue in this action within 90 days after the receipt of the notice (see, CPLR 3216 [a]). Contrary to the finding of the Supreme Court, the plaintiffs' attorney's request for and the scheduling of a preliminary conference did not obviate the requirement that the plaintiffs either move to extend the 90-day period or to vacate the notice (see, Wilson v Nembhardt, 180 AD2d 731; Turman v Amity OBG Assocs., 170 AD2d 668; Meth v Maimonides Med. Ctr., 99 AD2d 799).

In light of the plaintiffs' complete failure to respond to the 90-day notice, they were required to provide a reasonable excuse for their default and to demonstrate a meritorious cause of action (see, CPLR 3216 [e]; Turman v Amity OBG Assocs., supra; Papadopoulas v R.B. Supply Corp., 152 AD2d 552). Even assuming that the proffered excuse of law office failure was reasonable in light of the facts and circumstances of this case, the plaintiffs' affidavit of merit was insufficient to demonstrate the merits of this medical malpractice action, since an affidavit of a medical expert was required (see, Mosberg v Elahi, 80 NY2d 941, 942; Fiore v Galang, 64 NY2d 999, 1001; Salch v Paratore, 60 NY2d 851; Ramos v Lapommeray, 135 AD2d 439, 440; Midolo v Horner, 131 AD2d 825; Meth v Maimonides Med. Ctr., supra). As a result, the action should have been dismissed based upon the plaintiffs' failure to prosecute. In view of our determination, we need not address the appellant's remaining contention concerning the Statute of Limitations.

The appellant's appeal from the order dated March 6, 1992, is dismissed as academic, in view of our determination on the appeal from the order dated October 23, 1992. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.