■ WANDA DIAZ, as Mother and Natural Guardian of CHRISTINA DIAZ, an Infant, et al., Respondents, v ERROL CAYPINAR, Appellant, et al., Defendant. [619 NYS2d 593] —In an action for medical malpractice to recover damages for personal injuries, etc., the defendant Errol Caypinar appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 29, 1993, as denied that branch of his cross motion

which was to dismiss the complaint insofar as asserted against him for failure to prosecute pursuant to CPLR 3216.

Ordered that the order is reversed insofar as appealed from, with costs, and the complaint is dismissed insofar as asserted against the defendant Errol Caypinar.

We find that the Supreme Court improvidently exercised its discretion in denying the appellant's motion to dismiss. The Supreme Court issued a 90-day demand pursuant to CPLR 3216 directing the plaintiffs to complete discovery, appear for a certification conference and file a note of issue. The demand ordered the plaintiffs to serve a copy upon the appellant. When the plaintiffs failed to comply with the court's directives, the appellant moved to dismiss the complaint pursuant to CPLR 3216. In response to the motion, the plaintiffs failed to deny receipt of the 90-day demand from the court and cannot now argue that they never received it. Additionally, the plaintiffs failed to establish a reasonable excuse for the delay and failed to establish a meritorious action (see, Gache v Incorporated Vil. of Freeport, 202 AD2d 470; Abelard v Interfaith Med. Ctr., 202 AD2d 615; Wilson v Nembhardt, 180 AD2d 731, 733; Socoloff v New York Eye & Ear Infirmary, 174 AD2d 727; Turman v Amity OBG Assocs., 170 AD2d 668). Therefore, based upon the plaintiffs' complete failure to meet their burden in resisting the motion to dismiss, the motion should have been granted and the complaint dismissed insofar as asserted against the appellant. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.