■ DONNA KIRDAHY-SCALIA, Respondent, v JOSEPH E. SCALIA, Appellant. [642 NYS2d 546] —In a matrimonial action in which the parties were divorced by judgment dated September 13, 1994, the defendant husband appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), dated January 26, 1995, which granted that branch of the plaintiff wife's motion which was for a judgment in the amount of $12,000 against him arising out of his failure to comply with so much of the judgment of divorce as directed him to pay the plaintiff $12,000 in counsel fees.

Ordered that the appeal is dismissed, with costs.

The issues raised by the defendant on the present appeal could have been raised on his prior appeal from the judgment dated September 13, 1994. Because this Court dismissed that appeal because of the defendant's failure to prosecute, "the defendant is prohibited from seeking judicial review of these issues on [this] later appeal" (*Tayer v Tayer,* 208 AD2d 609; *see, Bray v Cox,* 38 NY2d 350, 355; *Kemp v City of New York,* 208 AD2d 684, 686). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.

■ CHARLES LEGGETT, Appellant, v ZENAIDA CASTILLO et al., Respondents. [642 NYS2d 547] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), entered July 31, 1995, which, upon an order of the same court dated June 1, 1995, denying his motion for a continuance and granting the separate motions of the defendants Zenaida Castillo and Braulio Castillo, and the defendant Nesly Beavsoliel, respectively, for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondent Nesly Beavsoliel.

The Supreme Court did not improvidently exercise its discretion when it denied the plaintiff's request for a continuance pursuant to CPLR 3212 (f) (*see, Pannullo v Staro,* 139 AD2d 636; *see generally, Freier v AMAX, Inc.,* 217 AD2d 981).

The plaintiff's remaining contention is without merit. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.