■ DENISE DE STEFANO, Appellant, v MT HEALTH CLUBS, INC., et al., Respondents. [658 NYS2d 3] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about June 21, 1996, which, insofar as appealed from, denied plaintiff's motion for summary judgment on the issue of defendants' liability, unanimously affirmed, with costs.

Plaintiff alleges that she sustained back injuries as a result

of an overweight "shiatsu" masseuse in the employ of defendant health club walking on her back when plaintiff was asleep on the massage table. We agree with the IAS Court that plaintiff's papers in support of her motion, which included her own affidavit that she specifically instructed the masseuse not to walk on her back, and her doctor's affidavit that plaintiff could not have sustained the injury she did "in the course of a properly administered physical therapy regimen of massage treatment", failed to make a prima facie showing of entitlement to judgment as a matter of law (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), i.e., to show the manner in which defendants departed from accepted procedures in rendering massage therapy, or that any such departure proximately caused plaintiff's back injury. Nor does the doctrine of res ipsa loquitur warrant summary judgment in plaintiff's favor, there being an issue as to whether plaintiff's injury was in fact caused by the massage. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.