JOEL MICHAELS et al., Respondents, v ROGER WETSELL, Doing Business as PORT JEFFERSON PHYSICAL THERAPY, Appellant. [679 NYS2d 325] —In an action to recover damages for personal injuries, etc., resulting from the professional malpractice of a physical therapist, the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated March 6, 1998, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant's motion papers made out a prima facie case for summary judgment. To defeat the defendant's motion, the plaintiffs were required to submit an affidavit of merit from an expert competent to testify to evidentiary facts which would support their claim of professional malpractice (*see, Assad v Gelb,* 110 AD2d 738; *Horvath v Bayonne Hosp.,* 99 AD2d 824; *see also, De Stefano v MT Health Clubs,* 239 AD2d 200; *Post & Co. v Sidney Bitterman, Inc.,* 219 AD2d 214). The plaintiffs failed to submit an affidavit of merit from an expert witness. Furthermore, "[s]ummary judgment may not be defeated on the ground that more discovery is needed, where * * * the side advancing such an argument has failed to ascertain the facts

due to its own inaction" (*Meath v Mishrick,* 68 NY2d 992, 994; *see also, Gold v City of New York,* 141 AD2d 502; *Pannullo v Staro,* 139 AD2d 636). The plaintiffs' attorney did not set forth any reasonable excuse for his failure to obtain an affidavit of merit even though he had six months within which to do so. The Supreme Court improvidently exercised its discretion in granting the plaintiffs' request for a continuance. Bracken, J. P., Ritter, Copertino, Santucci and Altman, JJ., concur.