■ CECELIA BASSO et al., Appellants, v LESSING's INC., Doing Business as MEADOW EDGE CATERING, Respondent. [712 NYS2d 374] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), entered October 20, 1998, which granted the defendant's motion pursuant to CPLR 3216 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On April 2, 1998, the defendant served the plaintiffs with a 90-day demand pursuant to CPLR 3216. The mailing receipt states that it was received by the plaintiffs' counsel on April 6, 1998. In response to this 90-day demand, the plaintiffs did not

move to vacate it, nor did they file a note of issue or seek an extension of time to do so. Rather, on July 7, 1998, they served upon the defendant, and filed with the Suffolk County Clerk, a request for judicial intervention seeking a preliminary conference. Thereafter, the defendant moved pursuant to CPLR 3216 to dismiss the complaint based upon the plaintiffs' failure to comply with the 90-day demand. In opposition to the motion, the plaintiffs asserted that they had complied with the 90-day demand by requesting a preliminary conference. The Supreme Court granted the defendant's motion. We affirm.

"Once the 90-day notice was served and received, 'it was incumbent upon the plaintiff[s] to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period' " (*Wilson v Nembhardt,* 180 AD2d 731, 733, quoting *Turman v Amity OBG Assocs.,* 170 AD2d 668). The plaintiffs' contention that their request for a preliminary conference was sufficient compliance with the 90-day demand is without merit. This Court has repeatedly stated that a "request for and the scheduling of a preliminary conference [does] not obviate the requirement that the plaintiffs either move to extend the 90-day period or to vacate the notice" (*Abelard v Interfaith Med. Ctr.,* 202 AD2d 615, 616; *see, Wilson v Nembhardt, supra; Turman v Amity OBG Assocs., supra*).

Since the plaintiffs did not respond to the 90-day notice, they were required to provide a reasonable excuse for their default and to demonstrate a meritorious cause of action (*see,* CPLR 3216 [e]; *Abelard v Interfaith Med. Ctr., supra; Turman v Amity OBG Assocs., supra; Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). In light of their failure to offer any excuse for their default, the Supreme Court properly granted the defendant's motion to dismiss the complaint. Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.