■ KENNETH MORAN et al., Respondents, v PATHMARK STORES, INC., et al., Appellants, et al., Defendant. [717 NYS2d

302] —In an action to recover damages for personal injuries, etc., the defendants Pathmark Stores, Inc., and Basser Kaufman, Inc., appeal from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated January 19, 2000, as granted the motion of the defendant Basser Kaufman, Inc., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3216, only to the extent of dismissing the complaint unless the plaintiffs file a note of issue within 10 days after service of a copy of the order on the plaintiffs' attorney.

Ordered that the appeal by the defendant Pathmark Stores, Inc., is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Basser Kaufman, Inc., on the law, the motion is granted unconditionally, the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed; and it is further,

Ordered that the defendant Basser Kaufman, Inc., is awarded one bill of costs.

Having been served with a 90-day notice pursuant to CPLR 3216, " 'it was incumbent upon the plaintiffs to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period' " (Wilson v Nembhardt, 180 AD2d 731; Turman v Amity OBG Assocs., 170 AD2d 668; see, Rubin v Baglio, 234 AD2d 534; Lopez v Pathmark Supermarket, 229 AD2d 566). The plaintiffs failed to do so. Accordingly, to avoid dismissal, they were required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice, and the existence of a meritorious cause of action (see, CPLR 3216 [e]; Papadopoulas v R.B. Supply Corp., 152 AD2d 552).

The plaintiffs concede that their request for a certification conference did not obviate the requirement to move either for an extension of the 90-day period or to vacate the demand notice (see, Meth v Maimonides Med. Ctr., 99 AD2d 799, 800). As an excuse, the plaintiffs claimed that discovery was not complete and, therefore, they could not file a certificate of readiness which must accompany the note of issue. However, the information sought by the plaintiffs was not discovery material, but rather, billing records which they hoped would bolster settlement negotiations. The plaintiffs' further excuse that the parties were engaged in settlement negotiations was also insufficient (see, Faro v Young, 81 AD2d 854, 855; see also, Matter of Slocum v Board of Educ., 124 AD2d 269, 270). Thus, since the

plaintiffs failed to demonstrate a justifiable excuse for their failure to prosecute, the complaint should have been dismissed (*see, Levin v Levin,* 256 AD2d 447). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.