■ In the Matter of LOUIS CANTOR, a Suspended Attorney. [728 NYS2d 371] —Petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Tom, Wallach and Rubin, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. JAMES R. HALLEY, JR., Admitted in 1976, at a Term of the Appellate Division, Second Department. [728 NYS2d 371] — Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [See 240 AD2d 106.]

SECOND DEPARTMENT, JULY, 2001

(July 2, 2001)

■ GILDA AKLER et al., Appellants, v BOOTH MEMORIAL HOSPITAL MEDICAL CENTER et al., Respondents. [727 NYS2d 337] —In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Milano, J.), entered September 1, 2000, which dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

After properly being served with a 90-day notice, the plaintiffs failed to comply therewith by either filing a note of issue or moving, before the default date, to vacate the notice or extend the 90-day period (see, Turman v Amity OBG Assocs., 170 AD2d 668). Accordingly, to avoid dismissal pursuant to CPLR 3216, the plaintiffs were required to provide a reasonable excuse for their default and to demonstrate a meritorious cause of action (see, CPLR 3216; Basso v Lessing's Inc., 274 AD2d 488). The plaintiffs failed to satisfy either requirement. Accordingly, the Supreme Court properly dismissed the complaint. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.