■ Brad Gruber, an Infant, by His Father and Natural Guardian, Arnold Gruber, et al., Respondents, v Commack Union Free School District, Appellant. [736 NYS2d 885] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 4, 2001, which, in effect, denied its motion pursuant to CPLR 3216 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

After they were served with a 90-day notice pursuant to CPLR 3216, "it was incumbent upon the plaintiffs to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or to extend the 90-day period" (Turman v Amity OBG Assoc., 170 AD2d 668; see, Wilson v Nembhardt, 180 AD2d 731, 733; Rubin v Baglio, 234 AD2d 534; Lopez v Pathmark Supermarket, 229 AD2d 566). The plaintiffs failed to do either. Accordingly, to avoid dismissal, they were required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice, and the existence of a meritorious cause of action (see, CPLR 3216 [e]; Papadopoulas v R.B. Supply Corp., 152 AD2d 552, 553). The Supreme Court erred by, in effect, denying the defendant's motion to dismiss the complaint pursuant to CPLR

3216, as the plaintiffs failed to show either a justifiable excuse or the existence of a meritorious cause of action (*see, Turman v Amity OBG Assoc., supra*; *Papadopoulas v R.B. Supply Corp., supra*; *Meth v Maimonides Med. Ctr.,* 99 AD2d 799, 800). Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.