■ RUSLAN RAYKIM et al., Respondents, v FRANCINE DE-MARCO, Appellant. [796 NYS2d 712]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Kings County (Schmidt, J.), dated December 21, 2004, as denied that branch of her motion which was to dismiss the complaint pursuant to CPLR 3216 for want of prosecution.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the motion which was to dismiss the complaint pursuant to CPLR 3216 is granted, and the complaint is dismissed.

Having been served with a proper 90-day notice pursuant to CPLR 3216, the plaintiffs were required to comply with the notice by filing a note of issue or by moving, before the default date, either to vacate the notice or to extend the 90-day period (*see Walters v Hoboken Wood Flooring Corp.*, 6 AD3d 696, 697 [2004]; *Estate of Hamilton v Nassau Suffolk Home Health Care*, 1 AD3d 474 [2003]). The plaintiffs failed to comply with the 90-day notice. When the defendant moved, inter alia, pursuant to CPLR 3216, the plaintiffs were required to provide a reasonable excuse for their default and to demonstrate a meritorious cause of action (*see* CPLR 3216 [e]; *Gaydos v Muhlbauer*, 10 AD3d 408, 409 [2004], *lv denied* 4 NY3d 707 [ 2005]; *DeVore v Lederman*, 14 AD3d 648, 649 [2005]; *Basso v Lessing's, Inc.*, 274 AD2d 488 [2000]; *Abelard v Interfaith Med. Ctr.*, 202 AD2d 615, 616 [1994]). The plaintiffs failed to do so, and accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3216. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.