■ NANCY A. ZWENG et al., Appellants, v DEBELLIS & SEMMENS et al., Defendants, and FRIEDMAN STRUCTURAL ENGINEERING, P.C., et al., Respondents. [803 NYS2d 681]—

In an action, inter alia, to recover damages for professional malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered February 18, 2004, which granted the motion of the defendants Friedman Structural Engineering, P.C., and Donald Friedman for summary judgment to the extent of dismissing the complaint insofar as asserted against them except for claims regarding an alleged design defect in the structural framing of the attic of their home, (2) an order of the same court entered February 20, 2004, which denied that branch of their motion which was for leave to amend their bill of particulars to allege certain design defects and denied as academic that branch of their motion which was for leave to amend their bill of particulars to allege additional damages, and (3) an order of the same court (Nicolai, J.), entered February 27, 2004, which denied their motion to strike the objection of the defendants Friedman Structural Engineering, P.C., and Donald Friedman to their offer to admit business records at trial pursuant to CPLR 3122-a.

Ordered that orders are affirmed, with one bill of costs.

This professional malpractice action arose out of the allegedly improper design and construction of the plaintiffs' home. The defendants Friedman Structural Engineering, P.C., and Donald Friedman (hereinafter collectively the Friedman defendants), the engineers hired by the project's architect, made out a prima facie case for summary judgment dismissing the complaint insofar as asserted against them except for claims regarding an alleged design defect in the structural framing of the attic. To defeat the motion with respect to all claims except for the claims regarding an alleged design defect in the structural framing of the attic, the plaintiffs were required to submit an affidavit of merit from an expert competent to testify to evidentiary facts that would support their claim of professional malpractice (*see Michaels v Wetsell*, 255 AD2d 298 [1998]). The plaintiffs failed to make such a submission. Contrary to the plaintiffs' contention, the unsworn report of their engineering expert did not constitute competent evidence sufficient to raise a triable issue of fact (*see* CPLR 2106; *Rodney v Solntseu*, 302 AD2d 442 [2003]). Accordingly, the Supreme Court properly granted summary judgment to the Friedman defendants dismissing the complaint insofar as asserted against them except for claims regarding an alleged design defect in the structural framing of the attic.

The Supreme Court also properly denied the plaintiffs' motion to strike the objection of the Friedman defendants to their offer to admit business records pursuant to CPLR 3122-a. As the plaintiffs concede, the records made available for inspection were neither subpoenaed nor certified before the Friedman defendants were given an opportunity to inspect them and interpose objections pursuant to CPLR 3122-a (a) (3).

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.